LEDNUM et al. v. DALLAS TRUST & SAVINGS BANK. (No. 7659.)

(Court of Civil Appeals of Texas. Dallas. Feb. 3, 1917. Rehearing Denied March 17, 1917.)

1. CONTRACTS ⬅113(5)—AGREEMENTS FOR RENUNCIATION BY TRUSTEE—VALIDITY.

A contract agreeing to pay money or other valuable thing to a testamentary trustee in consideration of his renunciation is void, being contra bonos mores.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 530–537.]

2. CONTRACTS ⬅141(3)—AGREEMENT FOR RENUNCIATION BY TRUSTEE—VALIDITY—EVIDENCE.

Evidence of an agreement of renunciation by testamentary trustees examined, and *held* not contra bonos mores, the trustees receiving no personal advantage, but surrendering in order that estate might be administered according to will.

3. TRUSTS ⬅162—TESTAMENTARY TRUSTEES —RENUNCIATION.

Testamentary trustees possess the unrestricted power and right to refuse for any reason to act when unaccompanied by any species of intermeddling amounting to mismanagement.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 212, 213.]

4. TRUSTS ⬅162—TESTAMENTARY TRUSTEES —RENUNCIATION AND APPOINTMENT OF ADMINISTRATOR—EFFECT.

Testamentary trustees having renounced their trust to the court, he accepting the same and appointing an administrator, the renunciation is final.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 212, 213.]

5. TRUSTS ⬅162—RENUNCIATION OF TESTAMENTARY TRUSTEES—PROBATE COURTS—POWERS.

Although probate court is without authority to accept resignation of testamentary trustees, it has authority to hear testimony of renunciation, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3279, providing that, when executors renounce, administration shall be granted.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 212, 213.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action in county court by Lula L. Lednum and others against the Dallas Trust & Savings Bank. From a judgment for defendant on appeal to district court, plaintiffs appeal. Affirmed.

Etheridge, McCormick & Bromberg, of Dallas, for appellants. A. B. Flanary, of Dallas, for appellee.

RASBURY, J. Appellants, Lula L. Lednum and Georgia E. Barker commenced this suit in the county court of Dallas county to recover possession of the estate of Charles H. Lednum, deceased, then being administered in said court, the appellee being administrator with the will annexed. The allegations of the pleading forming the basis for the relief sought were in substance that appellants were legatees and devisees in trust under the will of said Lednum and invested with the management and control of his estate for the benefit of his minor daughter during her minority, which will had been admitted to probate and appellee appointed administrator with the will annexed; but that, administration being in all things complete, no further necessity existed therefor, and appellants were as a consequence entitled, as such trustees, to possession thereof. Notice of the proceeding was given the administrator and Mary Lednum, mother of the minor daughter. The administrator did not appear and plead. Mary Lednum did, but it will be unnecessary to recite her pleading, save that she prayed that the administrator, Dallas Trust & Savings Bank, be appointed trustee and the estate delivered to it as such. Upon trial in the county court the judge found that the estate had been fully administered and was ready for distribution,

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

but that none of the applicants were qualified to receive the estate and decreed accordingly. Appeal was had to the district court, where on trial the judge peremptorily directed verdict against appellants and entered judgment on the verdict similar to that entered in the county court, dismissing Mary Lednum and the Dallas Trust & Savings Bank with their costs. From the latter judgment this appeal is taken.

The facts developed at trial are without contradiction and are in substance these: Charles H. Lednum died October 11, 1911, survived by a former wife and minor daughter. He left a will, directing the payment of his debts, devising his interest in the family residence to his sister, Lula L. Lednum, in payment of a debt due her by him, giving said sister a legacy of $2,500, providing for a monument to mark his grave, and giving to his minor daughter, Mary Lednum, the balance of a savings account on deposit in New Orleans. His sisters, Lula L. Lednum and Mrs. Georgia E. Barker, were appointed joint and several trustees of his estate with authority, upon the execution of a bond signed by some surety company in an amount equal to two-thirds of the appraised value of the estate, to manage his estate until his daughter, Mary Lednum, married or reached her majority, whereupon the trustees were to deliver the estate to his daughter. Any control of his estate was denied the probate court, save to establish the will, approve the required bond, or strengthen or renew same. On October 21, 1911, the trustees named in the will filed in the county court their application for the probate of the will and the establishment of the trust created. Mrs. Mary Lednum, mother of Mary Lednum, the minor, was dissatisfied with the will for the reason that she was not willing for the trustees named to administer her daughter's estate. As a consequence, after the filing of the application by the trustees and before the will was probated, she employed counsel for the purpose of contesting the probate thereof. Her counsel and counsel for the trustees conferred in relation to the matter, whereupon appellants, the trustees, agreed to renounce the trust. The agreement is in writing and was filed among the court papers in the then pending application to probate the will. The substance of the agreement is that the trustees decline to qualify as such trustees and resign as such upon condition that the will shall be probated, the trust established and a suitable trustee appointed who would give good and sufficient bond secured by solvent surety company, the bequests in the will to be fully executed and carried out, and appellants paid a reasonable compensation and all expenses and attorney's fees incurred by them up to that time. Afterwards the will was probated. The judgment recites the due execution of the will and the death of Lednum, and establishes same as his last will and testament; finds

that the trustees announced in open court their refusal to qualify as trustees and filed the renunciation already mentioned; finds there is a necessity for administration and that the Dallas Trust & Savings Bank is an applicant for and qualified to act in such capacity, and thereupon appoints said bank administrator of said estate with the will annexed, upon qualifying according to law and giving bond in the sum of $40,000, being double the estimated value of said estate. After the entry of the judgment the Dallas Trust & Savings Bank filed a motion to correct the same in order to show that it was also appointed trustee of said estate in the place and stead of those named by the testator. What action was had on this motion the record fails to disclose.

All assignments of error are based upon the action of the court in directing verdict, and we will accordingly discuss the issues presented in the brief without reference to the assignments of error.

[1, 2] The first contention is, in substance, that it appears without dispute in the testimony that the consideration inducing appellants to resign as trustees was benefits accruing to them, which rendered the act of renunciation void, because contra bonos mores. In reference to such issue it is a nearly universal rule, as we gather from the books, that contracts agreeing to pay money or other thing of value to one in consideration of his renunciation as executor or testamentary trustee are void and unenforceable. The following cases cited by appellee pertinently sustain the rule and announce the reason therefor: Ellicott v. Chamberlain, 38 N. J. Eq. 604, 48 Am. Rep. 327; Forbes v. McDonald, 54 Cal. 99; Bowers v. Bowers, 26 Pa. 77, 67 Am. Dec. 398. But the instant case is not in any respect an attempt to enforce such a contract. The precise point is that appellants are still trustees under the will and entitled to possession and management of the estate, because their renunciation as trustees was induced by improper or illegal considerations, and hence void. The fact which induced appellants to renounce as disclosed by the record was the dissatisfaction on the part of Mrs. Mary Lednum, former wife of Charles H. Lednum, and mother of the minor Mary Lednum, chief beneficiary in the will, with the prospective administration of the estate by appellants; and such dissatisfaction resulted, after conference between the parties, in the voluntary renunciation of appellants. The renunciation, however, was based upon several express conditions, those material to the issue being that the will should be probated, the trust established and bonded trustee appointed, the bequests in the will observed, and that there be paid to the resigning trustees reasonable compensation and necessary expenses, including attorneys' fees incurred by them in attempting to probate the will. We conclude that the facts recited and which in-

duced the renunciation by appellants in no respect constitute acts contra bonos mores. Fairly interpreted the evidence discloses that the renunciation was induced by the threat to contest the will and in order to avoid a possible administration of the testator's estate contrary to his expressed wishes. To avoid such result appellants were willing to forego their right to represent the testator in such administration. That such was their purpose is made clear, we think, by the several provisions in the agreement between them and the minor's mother, that the trust should in all respects be carried out according to the testator's will. The provisions in the agreement that the renouncing trustees should be paid compensation for their services, together with reasonable expenses and attorneys' fees, is in substance provided for in the will and does not result in any personal advantage to appellants that would not have resulted if they had not renounced. In fact in renouncing they not only did not receive any personal advantage, but surrendered, in order that the estate might be administered as directed, the compensation directed to be paid to them as trustees. The fact that they stipulated that all bequests should be paid which included a legacy to one of the appellants did not constitute an act contra bonos mores any more than the provision for the legacy itself.

[3] In considering the issue we have been discussing we have proceeded on the theory assumed by counsel for appellee, which, in effect, is that a renunciation by testamentary trustees induced by improper motives is void, and hence no renunciation. In such connection testamentary trustees are held by all authority to possess the unrestricted right to refuse for any reason to act in such capacity when unaccompanied by any species of intermeddling which would render them liable as in devastavit in case of executors. Such being the rule we incline to the opinion that a renunciation is none the less one because based on improper motives. In deciding whether acts and conduct of a trustee constitute in fact a renunciation, a different rule, it occurs to us, prevails to that which controls in suits to recover from another money or other thing of value promised in consideration of such renunciation. In the latter case the suit fails because the consideration is unlawful and the contract as a result unenforceable. In the other proceeding, that is, the one to determine whether the trustee in fact renounced the trust, all that is necessary to determine is, Do the acts, declarations, and conduct of the trustee constitute in law a renunciation? What motives or reasons induced the renunciation, it seems to us, is immaterial, if in fact renunciation resulted.

[4, 5] But it is further contended, in substance, that appellants, conceding their renunciation in fact, had nevertheless the right to subsequently retract or withdraw same. In True's Estate, cited by appellants, the rule is announced that the administration of estates by executors (and by analogy trustees) is a trust conferred by the testator, which may only be defeated by the refusal of the trustee to act, and that hence a trustee who has renounced may retract at any time before letters are granted to another. Conceding the rule to be correct, and it seems sound in principle and reason, it is without controlling force here for the reason that the retraction came after the appointment of another as administrator, made necessary by their refusal to accept the trust, and hence too late. The appellants, while essentially testamentary trustees, possessed under the will some of the powers of executors, such as the power to present the will for probate and execute and have the court approve the bond required by the will. In fact the exercise of such powers was necessary before they were entitled to administer the estate independently. In observance of such authority appellants tendered the will to the probate court for such action. Before any action upon the part of the court was had appellants made known to the court their refusal to accept the trust or probate the will and give the required bond, and tendered to the court their renunciations, which were accepted. Whereupon, at the request of those interested in the estate and a necessity therefor appearing, the court probated the will and appointed an administrator of the estate with the will annexed. Admitting, as argued by appellants, that the probate court was without authority to accept the resignation of the trustees or appoint new ones, such authority being concededly in the district court, it nevertheless did have authority to hear testimony that the appellants had renounced the trust, and to permit the trustees to testify that they refused to accept it or establish the will as a part of the proof necessary to show the necessity for administration. Such a proceeding is authorized by article 3279, Vernon's Sayles' Stats. Having so acted upon the situation brought about by the conduct of appellants, the result in our opinion was to make the renunciation final. After appointment of the administrator the right of retraction was lost. The original situation was changed and other rights had accrued. Such is the holding in True's Estate. From which we conclude that there are no trustees at this time, and if no further necessity for administration exists, it is the duty of those interested in the estate to apply to the proper court for the appointment of trustees.

The judgment is affirmed.