## WEINER v. WEINER et al. (No. 8413.)

(Court of Civil Appeals of Texas. Galveston. Feb. 2, 1922. Rehearing Denied Dec. 7, 1922.)

**1. Trusts ☞162, 169(3)—Judgment accepting resignation of one trustee and appointing another held not subject to collateral attack.**

The judgment of a court of equity accepting the resignation of a trustee and appointing another in lieu thereof, though irregular or erroneous for failure to give one of the interested parties notice, *held* not subject to collateral attack.

**2. Trusts ☞169(2)—Equity empowered to remove trustee for dereliction in duty and to appoint successor.**

Equity had jurisdiction to remove a trustee for dereliction in duty and name succeeding trustee, notwithstanding provision of will that, if the trust should fail by reason of the failure or refusal of the trustee to assume and handle the property, "my said executors may appoint a trustee to satisfy and discharge the terms of such trust"; the provision of the will being inapplicable where the trustee had assumed and was in the course of handling the property, but was charged with dereliction in duty.

**3. Trusts ☞368—Bill against former trustee held to give equity jurisdiction to restrain defendant from disposing of his interest in residuary estate.**

Bill alleging that plaintiffs were joint owners with defendant in the residue after administration of a trust, that the estate was one of constantly changing form, that trustee had plenary powers to convert it at will into different kinds of property, that defendant, who had formerly acted as trustee, had, while trustee, wrongfully dissipated and failed to account for more than $30,000 belonging to the estate, and that, unless restrained, he would probably place his interest beyond the reach of the court by disposing of it, and that defendant was insolvent, without other assets than such interest in the estate, *held* to give equity jurisdiction to restrain defendant from disposing of or attempting to dispose of his interest in the residuary estate as against contention that plaintiffs had an adequate remedy at law.

**4. Injunction ☞144—Where defendant merely interposed a general denial and introduced no evidence to contradict allegations of the bill, the bill itself was admissible in evidence.**

In a suit by some of the owners of the residue of estate after administration of trust against co-owner to restrain co-owner from disposing of or attempting to dispose of his interest in the residuary estate, in which the co-owner made no detailed and verified answer, and did not offer any testimony in contradiction of the allegations of the bill, but contented himself with merely swearing to a general denial, the bill was itself receivable as evidence.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by John Weiner, trustee, and others against James Weiner. From an order granting a temporary injunction, defendant appeals. Affirmed.

Boyles, Brown & Scott, of Houston, for appellant.

Woods, King & John, of Houston, for appellees.

GRAVES, J. This appeal is from a temporary injunction issued September 6, 1922, by the Sixty-First district court of Harris county, restraining the appellant here, James Weiner, from disposing of or attempting to dispose of his interest in the residuary estate of Josie E. Bell, deceased, until further orders of the court.

Appellant attacks the order awarding the writ on four grounds:

(1) That the decree of the trial court at its December term, 1920, discharging the Guardian Trust Company as trustee of the estate, which it had at the preceding October term appointed as such in substitution for James Weiner, and designating in its stead John Weiner, was void.

(2) That this clause in the will of Josie E. Bell, "Whenever and wherever in this will a trust is created and a trustee or his successor is named, or provided for, and such trust shall fail, by reason of the failure or refusal of the trustee to assume and handle said property, it is my will and desire that my said executors may appoint a trustee to satisfy and discharge the terms of such trust," provided a method for the selection of a substitute trustee which, in the absence of a showing that these executors had refused or were unable to act, was exclusive and left the court without authority to name a trustee of its own selection to conduct the trust.

(3) That plaintiffs' bill for injunction shows they had adequate remedies at law, but does not show sufficient equities to justify the issuance of the temporary writ.

(4) That the evidence was insufficient as a basis for injunctive relief.

These objections will be noticed in their order, with such statement of the facts as is deemed essential to a disposition of them.

The order appointing John Weiner trustee, of date December 28, 1920, thus first assailed as being void, was entered in these circumstances:

Mrs. Bell's will, which had been probated September 5, 1917, and under which appellant, James Weiner, and Katy Waggaman were appointed independent executors, after

certain specific bequests to a number of different individuals, left her residuary estate to James Weiner as trustee for his mother during her lifetime, and then at her death to be distributed between himself and his four brothers and sisters. Pursuant to these directions, the estate was duly turned over to James Weiner as such trustee, and on October 4, 1920, while he was in the process of administering it, his brothers and sisters and cobeneficiaries under the will sued him in the court below, alleging that he had been derelict in the discharge of his trust, and asked his removal and the appointment by the court of a substitute trustee. On considering this application, the court first named a temporary receiver to take charge of the assets of the estate, then on October 19, 1920, still during its October term, removed James Weiner as trustee, and appointed the Guardian Trust Company in his place, the decree reciting, "In view of the urgency of the occasion, all provisions of this decree shall go into immediate effect without the necessity of the prior execution and filing of said bond and said final report," referring to a report of the temporary receiver and a bond from the trust company, which were also provided for.

Subsequently, at the December term and on the 28th of that month, after the trust company had asked to be discharged and the plaintiffs in the suit against James Weiner had by motion requested that one of them, John Weiner, be appointed trustee in its stead, the court relieved the trust company and designated John Weiner as trustee.

In this situation we are inclined to agree in part with appellant's contention here to the effect that this appointment of a trustee at the October term of the trial court, having been expressly made to go into immediate effect, notwithstanding the other requirements of a report from the receiver and a bond from his successor, made the order so appointing a trustee a final one, but it does not follow, we think, that the subsequent judgment at the succeeding term on December 28th appointing a new trustee was void, and therefore subject to the collateral attack made upon it by the appellant in this proceeding.

[1] Whether the October order appointing the Guardian Trust Company was final or not, on the succeeding December 28th it was trustee of the estate, and, on good cause being shown, it is not doubted that under its equity powers the district court had the power to then accept its resignation as such and in lieu appoint another. That action, although it may have been irregular or erroneous and upon a direct proceeding subject to being set aside or reversed, was not void in the sense that its validity could be questioned in a collateral action such as was attempted by appellant here. 39 Cyc. pp. 286, 287.

It is quite true it appears from this record that appellant, James Weiner, had no notice of this impending change in trustees, but that fact would not seem to make any difference in the applicability of the rule just stated, as appears from the following quotation from the text of Cyclopedia of Law and Procedure, vol. 11, at page 288:

"The notice or summons is not in the nature of a process to bring the party into court and give jurisdiction of the person. This being so, the appointment of the new trustee is valid, although made without formal notice to and summons of those interested. It may be irregular or erroneous, but upon a direct proceeding may be set aside or reversed, and its validity cannot be questioned in a collateral action."

Accordingly point 1 on which the appeal is predicated cannot be sustained.

[2] Nor do we think the second one well taken. It seems to us that the quoted provision from the will can have no application to the situation here involved. "The trust had not failed by reason of the failure or refusal of the trustee to assume and handle the property," but, on the contrary, he had assumed and was in the course of handling the property, and at that stage of the proceedings was removed by the court for alleged dereliction in duty and other trustees in succession named by the court. Under its equity powers it undoubtedly had that authority. Cyc. vol. 11, p. 280, and authorities cited in footnotes.

A further consideration in this connection is that quite a number of specific bequests to different individuals through various trustees were made in the will, and it does not seem an unreasonable construction to say that the quoted clause had reference to the possible failure of those trusts through the neglect or refusal of the trustees named therein to act.

[3] The third objection of a lack of equity in the bill and of there being adequate remedies at law is sufficiently answered by a recital of the situation obtaining at the time. The plaintiffs were joint owners with appellant in the residuary estate, which was one of constantly changing form in the hands of a trustee with plenary powers to convert it at will into different kinds of property. Neither he nor they owned any interest in either the real or personal property as such, but simply an undivided interest in the residue after the trust shall have been administered. Appellant was alleged to be insolvent, without other assets than such interest in this estate. It was also averred under oath that he had, while trustee, wrongfully dissipated and failed to account for over $30,000 belonging to the estate, and that, unless restrained, he would probably place his interest beyond the reach of the court by disposing of it.

It is not perceived how the ordinary legal processes by attachment, garnishment, or

sequestration would have afforded an adequate or effective remedy in such circumstances; that the equities set up in the bill were sufficient we have no doubt.

[4] In considering the concluding objection that the evidence did not warrant the writ, we have taken the trouble to go into the statement of facts. It would serve no useful purpose to recapitulate the showing made here, but it is deemed sufficient to say, and we so find, that there was enough to justify the trial court in concluding that there was a shortage of, or at least a failure to account for, a considerable amount of the property of the estate shown to have come into appellant's hands in his fiduciary capacity. In his answer to the specific charges under oath to this effect in the application of the plaintiffs for the injunction he made no detailed and verified answer, nor offered any testimony in contradiction, but contented himself with merely swearing to a general denial. In such circumstances the bill of the plaintiffs was itself receivable as evidence. McAmiss v. Railway Co. (Tex. Civ. App.) 184 S. W. 331.

Our conclusion is that the temporary writ has not been shown to have been improvidently issued. The judgment will be affirmed.

Affirmed.