**Harold James McCORMICK et al., Appellants,**

v.

**Irene Susan HINES et al., Appellees.**

No. 8383.

Court of Civil Appeals of Texas, Amarillo.

July 30, 1973.

Rehearing Denied Aug. 27, 1973.

C. J. Humphrey (George A. Snell, III), Amarillo, for appellants.

Hugh L. Umphres, Jr., Culton, Morgan, Britain & White (W. F. Countiss), Amarillo, for appellees.

ELLIS, Chief Justice.

This is an appeal from a judgment overruling appellants' plea of privilege to be sued in Wheeler County, Texas, the location of the principal office of the Susan McCormick Testamentary Trust, of which appellants are trustees. Suit was brought in Potter County, Texas, by Jimmie Ray McCormick, Bobbie Glenn McCormick, Bennie Koy McCormick, Beverly Fay McCormick Anderson, non-resident beneficiaries, Irene Susan Hines, a resident beneficiary, and Charles H. Hines, Jr., individually and as trustee of the Susan Mc-

Cormick Trust, a resident of Arizona, against Harold James McCormick, a resident of Wheeler County, Texas, and Genevieve C. Lemons, a Potter County resident, individually and as trustees of the Susan McCormick Trust. The appellees are asserting a cause of action wherein they seek specific performance of the appellants' written agreement to resign as trustees of the McCormick Trust. The judgment of the trial court sustaining venue in Potter County is affirmed.

The trust involved in this action was established by the will of Susan McCormick. The will was probated in Potter County, Texas, and Harold James McCormick, Genevieve C. Lemons and Charles H. Hines, Jr. were appointed as trustees. The record discloses that serious divisions and disputes had arisen between the trustees and various beneficiaries concerning substantial trust expenditures being made by Harold James McCormick, as well as other disputes which are unnecessary to enumerate here. Trustee Harold James McCormick, in attempting to provide irrigation and other improvements for the trust property, incurred numerous debts, and when payments for these trust debts was not received, certain creditors threatened suit and liens were filed against the trust property. The Federal Land Bank agreed to loan money to the trust to pay such debts provided a declaratory judgment was secured decreeing that the trustees had authority to borrow money and to mortgage the trust premises.

Such suit for declaratory judgment was instituted in Cause No. 6643 on the docket of the District Court of Wheeler County, Texas, but the beneficiaries, especially four of the appellees, who are residents of Maine, Montana, and British Columbia, were not agreeable to such a judicial determination so long as the trustees remained in office. The petition, incorporated in the controverting affidavit and introduced in evidence, recites that an agreement was reached whereby the four appellees, over whom jurisdiction could not otherwise be

obtained in the Wheeler County District Court, agreed to waive service of process and voluntarily enter their appearance provided the trustees would resign; that pursuant to such agreement, they executed waivers of citation and made general appearances in the suit for declaratory judgment; that a declaratory judgment was entered in Cause No. 6643 construing the terms of the trust to authorize the trustees to borrow money and mortgage trust property; and that the trustees obtained a loan from the Federal Land Bank and the trust debts were paid. The trustees filed an application to resign in Cause No. 6701 in the District Court of Wheeler County, but subsequently, two of the trustees, Harold James McCormick and Genevieve C. Lemons, filed a motion to withdraw their petition for resignation. The District Court granted the withdrawal application and dismissed Harold James McCormick and Genevieve C. Lemons from the suit. Upon withdrawal of the applications to resign, appellees brought this suit for specific performance. Appellees contend that they have fully performed every obligation placed upon them by the agreement and are thus entitled to the contemplated performance by the appellants. They further assert that at the special instance and request of the appellants, and in reliance on the promise of the trustees to resign, appellees permitted a lien to be placed on the trust property to secure the loan necessary to satisfy indebtedness against such property incurred by the trustee-appellant McCormick.

The resignation of the other trustee, Charles H. Hines, Jr. (also an appellee herein), was still pending in the District Court of Wheeler County at the time of this trial. Appellee Hines states in the petition in the instant case that he stands ready, willing, and able to do equity in this matter, and that he will resign contemporaneously with the two appellants, and consents that a judgment in this case shall so provide.

Appellants filed a plea of privilege urging that venue of the cause of action lies in Wheeler County, Texas, by virtue of the provisions of Article 7425b–24 and Article 1995, subd. 30.[1] Appellees filed a controverting affidavit, denying that venue was controlled by art. 7425b–24 and art. 1995, subd. 30, and contending venue was maintainable in Potter County, Texas, under the provisions of art. 1995, subd. 4. They alleged that Genevieve C. Lemons was a resident of Potter County, Texas, and that the suit had been brought against the trustees individually and in their capacity as trustees, not against the trust itself, and further, Harold James McCormick was a proper party to the action as shown by appellees' petition.

The trial court overruled appellants' plea of privilege. It found the legal residence of Genevieve C. Lemons to be in Potter County, Texas, and the legal residence of Harold James McCormick and the principal office of the Susan McCormick Testamentary Trust to be in Wheeler County, Texas. The court concluded that defendants Harold J. McCormick and Genevieve C. Lemons resided in different counties, and accordingly, the suit against them individually could be brought in Potter County, Texas, the residence of Genevieve C. Lemons. The court further found that the contract to "Resign as Trustees of the Susan McCormick Testamentary Trust" by trustees Harold J. McCormick, Genevieve C. Lemons, and Charles H. Hines, Jr. was an enforceable contract as it had been stipulated the contract bore the genuine signatures of Harold J. McCormick and Genevieve C. Lemons; that it was supported by good and valuable consideration; and that such agreement had been breached. Finally, the court concluded that neither the declaratory judgment granted in Cause No. 6643 nor the order granting withdrawal and dismissing the application for resigna-

1. All statutory article references are to the number under which the article appears in Vernon's Ann.Tex.Civ.St.

tion as trustees of Harold J. McCormick and Genevieve C. Lemons, filed in Cause No. 6701 in the District Court of Wheeler County, resulted in adjudication of any matter in litigation in this cause; thus, the *doctrine of res judicata was not applicable.*

Appellants assert two points of error on appeal. Their first point is that the trial court erred in failing to grant appellants' plea of privilege to transfer said cause to the 31st District Court in and for Wheeler County, Texas, which is the county of the principal place of business of the trust. They urge that art. 7425b–24, providing any suit "affecting the administration" of a trust estate where there are two or more trustees must be brought in the county wherein the principal office of the trust is located, and, as the principal office of the Susan McCormick Trust is located in Wheeler County, Texas, venue is proper in the District Court of Wheeler County.

■  Venue under art. 7425b–24 is limited to suits brought for a purpose enumerated in subd. 24(A) of that article. Mayflower Trust Company v. Nowell, 413 S. W.2d 783 (Tex.Civ.App.—Houston 1967, writ dism'd). Subdivision 24(A) provides:

> "The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, responsibilities, duties, and liability of trustee; *the existence or non-existence of facts affecting the administration of the trust estate;*[2] to require accounting by trustee; and to surcharge trustee."

The suit in the Mayflower Trust case had been *brought for the purpose of removing the trustee* and to recover damages for conversion of trust assets by the trustee and others. The court held venue was properly in Harris County, the residence of two of the defendants.

■  The present suit was brought not to determine the *existence or non-existence* of facts affecting the administration of the trust or for any other of the purposes enumerated in art. 7425b–24(A), nor was it brought against the trust itself, but was brought for the specific performance of a *contract to resign as trustees of the Susan McCormick Trust.* Thus, the basic cause of action was for breach of contract, the remedy requested being specific performance. As the provisions of art. 7425b–24 are limited to suits brought for purposes therein enumerated, it is our opinion that the venue provisions of such article do not apply in this case, which is based upon a suit not brought for a purpose enumerated in that article, but is an action upon a contractual matter between the litigants. Appellants' first point of error is overruled.

■■  Secondly, the appellants contend that the trial court erred in holding that appellees pleaded and proved an enforceable cause of action against appellants. Thus, in effect, appellants contend the appellees have failed to plead and prove the venue facts relied upon by appellees under subdivision 4 of art. 1995. Venue facts required under subdivision 4 are: one defendant resides in the county wherein the suit is brought; the party asserting his plea of privilege is at least a proper party to the claim against the resident defendant; and the plaintiff has a bona fide claim against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936); 1 McDonald, Texas Civil Practice, Venue, § 4.10.2, p. 434. Essentially, appellants' position is that the agreement to resign was unenforceable in that appellees were attempting to force appellants to resign as trustees without following statutory or common law. They argue that once a trustee has accepted the office, he cannot discharge himself from liability merely by resigning, but absent a provision in the trust instrument itself, or a statute authorizing a trustee's resignation on his own initiative, the trustee cannot resign or be discharged ex-

2. Emphasis ours unless otherwise noted.

cept by a decree of a competent court or with the general consent of all persons interested in the execution of the trust. This principle was recognized in the case of Republic Nat. Bank & Trust Co. v. Bruce, 130 Tex. 136, 105 S.W.2d 882 (1937), when the Supreme Court, quoting from Berry on Trusts & Trustees (7th Ed.) par. 274, held:

"If a trustee once accepts the office, he cannot by his sole action be discharged from his duties. Having once entered upon the management of the trust, he must continue to perform its duties until he is discharged in one of three ways: first, he may be removed and discharged, and a new trustee substituted in his place, by proceedings before a court having jurisdiction over the trust; second, he may be discharged, and a new trustee appointed, by the agreement and concurrence of all the parties interested in the trust; and third, he may be discharged, and a new trustee appointed, in the manner pointed out in the instrument creating the trust, if it makes any provisions upon that subject."

The instrument creating the Susan McCormick Trust contains no express provision as to the method of removal of the trustees, and appellees herein do not purport to represent all of the beneficiaries; consequently, if the trustees are to be removed it must be in a proceeding before a court having competent jurisdiction.

■■ The agreement alleged and relied upon by appellees was that the trustees ". . . will resign . . . and request the District Court to appoint the Trust Department of a reputable bank suitable to the undersigned as successor Trustee." The question as to whether the trustees' resignations should be accepted is a matter within the discretion of the District Court, and the basic suit here involves the enforceability of the agreement. The significant issue for determination here is whether the appellees have a bona fide claim or cause of action against the resi-

dent defendant in order to sustain venue in Potter County as provided by art. 1995, subd. 4. In the case of Lednum v. Dallas Trust & Savings Bank, 192 S.W. 1127 (Tex.Civ.App.—Dallas 1917, writ ref'd), the court discussed the validity of trustees' agreements to resign. The court stated that contracts agreeing to pay money or other things of value to one in consideration of his renunciation as executor or testamentary trustee were void as against public policy, but the agreement in *Lednum* was held not to be void as against public policy as the renunciation was induced by the threat to contest the will and to avoid possible administration contrary to the wishes of the testator for the benefit and good of the estate. In the present case, there is no allegation of fraud or that the trustees received any personal gain or benefit from the agreement to resign. On the contrary, the evidence and the agreement itself clearly indicate the trustees entered into the agreement to acquire waivers of citation from certain of the beneficiaries. These waivers were essential to invoke the jurisdiction of the court to consider and subsequently enter the declaratory judgment giving the trustees authority to mortgage the trust property, thereby enabling them to secure a loan to satisfy debts against the trust itself. Thus, it appears from the record, the agreement was entered into for the benefit of the trust as an entity, not for any personal gain which would have accrued to the trustees. It is our opinion that, when tested by principles announced in the Lednum case, the agreement here was not void as against public policy.

■ Appellants contend that appellees are making a collateral attack on the order of the Wheeler County District Court which dismissed appellants' resignations. They cite the case of Weiner v. Weiner, 245 S.W. 474 (Tex.Civ.App.—Galveston 1922, writ dism'd) as standing for the principle that once a court has acted on the resignation of the trustee, its order or decree is not subject to collateral attack. In

*Weiner* there was a hearing and an adjudication of the trusteeship; in the present case, there was no hearing on the application and no adjudication of the trusteeship, but merely an order dismissing the application to resign. Such dismissal is in no way an adjudication of the rights of the parties, and merely places the parties in the position they were in before the court's jurisdiction was invoked just as if the suit had never been brought. Crofts v. Court of Civil Appeals, 362 S.W.2d 101 (Tex.1962). Thus, we do not deem the instant suit to be a collateral attack on a previously adjudicated matter.

Appellants contend a trustee may revoke his resignation at any time, and thus, in effect, the agreement to resign was without binding force; hence, unenforceable. In the instant case, there is a stipulation between the parties wherein it is stated the agreement to resign was supported by good and valuable consideration and that the signatures of the appellants are genuine. Also, the record contains the waivers of service of process and entries of appearance in Cause No. 6643 in the District Court of Wheeler County signed by four non-resident beneficiaries-appellees as well as a judgment entered in Cause No. 6643 granting appellants-trustees the authority to mortgage trust property. Also, pursuant to such agreement, the loan from the Federal Land Bank of Houston was secured by the trustees. Although the contemplated financing following the declaratory judgment was accomplished, the appellants withdrew their resignations. A litigant is not entitled to better his position or worsen that of the adverse party by dismissing his suit. See Payne v. Nichols, 176 S.W.2d 961, 963–964 (Tex.Civ.App.—Galveston 1943, writ ref'd, want of merit). Further, a dismissal cannot operate to defeat the adverse party's future claim for relief. Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22 (1931). Once appellees complied with the terms of the agreement and the conditions were fulfilled, appellants were also bound to comply with the terms of the agreement. They were obligated by the terms of the agreement to submit their resignations to the District Court whereby the court could either accept or reject such resignations. We recognize that in the event the court had refused the resignations, appellees would now have no grounds for complaint, but as the resignations were withdrawn before the court acted thereon, appellants breached their agreement to resign their positions as trustees, thereby preventing contractual performance to which appellees are entitled. We find appellees have pleaded and proved a bona fide claim and cause of action against appellants as required by art. 1995, subd. 4. Appellants' second point of error is overruled.

After review of the entire record it is our opinion that venue in the pending action for specific performance is controlled by subd. 4 of art. 1995, and thus properly lies in Potter County. Accordingly, the judgment of the trial court overruling appellants' plea of privilege is affirmed.