BRUCE et al. v. REPUBLIC NAT. BANK & TRUST CO.

No. 3040.

Court of Civil Appeals of Texas. El Paso.

July 19, 1934.

Rehearing Denied Sept. 21, 1934.

Leake, Henry & Young, of Dallas, for appellants.

T. B. Reese and S. W. Marshall, both of Dallas, for appellee.

PELPHREY, Chief Justice.

On July 29, 1927, a trust agreement was entered into by and between the North Tex-

as Trust Company and the North Texas National Bank in Dallas, Tex., the general purport of which was that the North Texas Trust Company was to deposit with the North Texas National Bank, as trustee, certain special assessment certificates issued by cities and towns in the state of Texas, and secured by liens upon real property located in said cities and towns and/or bonds of cities, towns, or counties and/or other direct obligations issued by municipalities and counties and/or other federal tax exempt securities which it was agreed the trustee should hold and retain in its possession for the purpose of the satisfaction and liquidation of certain certificates designated "Participation Certificates," which were to be issued by the North Texas Trust Company to a not greater amount than the total of the certificates deposited with the trustee for their protection and liquidation. The securities were deposited with the trustee under this agreement, a fact to which the trustee certified and the "Participation Certificates" issued and 12 of same, of the value of $1,000 each, sold to Mrs. Nell G. Bruce. Thereafter, in October, 1929, the North Texas National Bank merged with the Republic National Bank & Trust Company of Dallas.

Subsequent to the consolidation, a receiver was appointed for the North Texas Trust Company, and said receiver applied to the district court for authority to take into his possession the moneys and securities then held by the Republic National Bank & Trust Company, as trustee. This application was granted September 17, 1932, and the court, upon hearing, made the following finding in connection with such order:

"1. Trustee Bank did on September 15, 1932, resign as Trustee under the trust agreement dated July 20, 1927, executed by North Texas Trust Company, Inc., and North Texas National Bank in Dallas, as Trustee, and from the trust thereby created, such resignation to be effective as soon as a successor, whether a trustee or Receiver is appointed by the Court to take over the same.

"2. All the owners and holders of record of what are known as the 'Municipal Trust Participation Certificates' of North Texas Trust Company, Inc., for whose use and benefit the above described trust agreement was executed, have heretofore filed their interventions in this cause, which interventions have all been duly allowed by orders of this Court heretofore entered herein, and upon reports herein filed by Hon. Alex W. Spence, Master in Chancery appointed in this cause.

"3. All the allegations in the Receiver's Motion and application certifying to the Court the reasons for the court's assuming jurisdiction over the monies and securities belonging to the trust and now in the hands of Trustee Bank, and showing the necessity for the Receiver's taking the same into his possession and administering upon the same pursuant to the orders of this Court are found to be true as alleged.

"4. The charter of North Texas Trust Company, Inc., has been forfeited and its right to do business in Texas was, accordingly, terminated by the Secretary of State as of July 2, 1932, by reason of the corporation's failure to pay its franchise tax as the law provides.

"It is, accordingly, ordered, adjudged and decreed that Owen M. Murray, as Receiver, be, and he is, hereby authorized, empowered and directed to succeed to Republic National Bank & Trust Company, as Trustee, and to administer upon the monies and securities belonging to said trust, and subject to this and all other orders pertinent thereto which may hereafter be made by this court.

"Republic National Bank & Trust Company is hereby ordered and directed to deliver to the Receiver all the monies and securities held by it as Trustee belonging to said trust, upon delivery by the Receiver to the Trustee Bank of proper releases and acquittances covering the same. The Receiver is ordered and directed to take said monies and securities into his possession, to receipt for same, to give such proper acquittances as may be appropriate and just in the premises, and he shall administer upon such monies and securities pursuant to the authority hereby granted. The court orders and decrees that the Receiver's coming into possession of and his administration upon such monies and securities shall in no manner impair or change the status of such securities or monies, but that the same shall remain charged with the same lien rights and equities for the benefit of the investor creditors above described, and now secured thereby, and that this order of Court shall be deemed to be in amendment, amplification and modification of the Court's original order appointing the Receiver entered in this cause on April 23, 1932."

It is agreed here that appellants were not before the court upon the above application.

The moneys and securities were, under the above order, delivered by the trustee bank to the receiver, who properly receipted therefor.

Upon this state of facts, appellants brought this suit against the Republic National Bank & Trust Company for conversion of the securities.

Upon a hearing, the trial court instructed a verdict in favor of the trustee bank, and, after having her motion for a new trial overruled, Mrs. Bruce has appealed.

## Opinion.

Appellants' four points upon which they predicate their appeal are:

"1. Where securities are deposited by the owner with a Trustee to secure the payment of obligations issued by the owner payable to third parties and certified by the Trustee, it is the duty of the Trustee to retain the custody of the securities for the protection of the legal holders of the secured obligations in accordance with the trust agreement, and a surrender of the securities by the Trustee is a conversion of the securities for which it is responsible to a holder of the secured obligations.

"2. A trustee charged under the terms of a trust agreement with the duty of holding securities deposited with it for the protection and liquidation of outstanding obligations to be issued under the terms of the trust agreement may not resign as trustee and then lawfully make delivery of the securities so deposited with it to any one other than a successor or substitute trustee appointed in accordance with the terms of the trust agreement providing therefor.

"3. It is the fundamental duty of a trustee to actively protect and defend the existence of the trust and it may not lawfully surrender, without any effort at resistance, securities held by it as trustee for the protection of holders of outstanding certificates, without the consent of each outstanding certificate holder, whose rights were secured by the deposit of the securities with the trustee.

"4. An order of court made in a cause to which a secured certificate holder was not a party and to which the trustee was not a party for the delivery to a Receiver of the corporation depositing securities with the trustee for the benefit of holders of its outstanding obligations or certificates, does not furnish any legal authority for the trustee to surrender without resistance the possession of such securities."

Appellee, replying to such points, asserts that 90 per cent. of the beneficiaries having intervened in the receivership of the North Texas Trust Company, they, through such receiver, had the right to have such receiver take over the trust estate and administer it in accordance with the trust indenture; that, the court having authorized and directed the receiver to take over the trust estate, upon his application on behalf of the interest of 90 per cent. of the beneficiaries of the trust who had intervened in the receivership suit, the trustee who had in pursuance thereof made full account to the receiver for the whole of the trust estate would not be liable to one of the beneficiaries who did not intervene in the receivership proceeding; and that, the trust indenture providing that the trustee should not be liable except for his own willful defaults or gross negligence, the delivery to a receiver upon an order of the court, upon an application of the receiver showing necessity therefor and that 90 per cent. of the certificate holders had intervened in such receivership with prayers for general relief, would not render the trustee liable to one beneficiary who had not thus intervened. These assertions are based upon the following provisions of the trust agreement:

"Fifteenth: It is further agreed that the trusts created by this instrument are accepted by the Trustee upon the express condition that the Trustee shall not be responsible for making any collections of principal or interest due or accrued on the collateral held by it, and the Trustee shall not incur any liability or any responsibility whatever by reason of the invalidity, lack of value or uncollectability of any of the collateral held by it. Trustee shall be answerable only for its own wilful defaults or gross negligence, and, in case of any default hereunder, the Trustee shall not be liable for any failure to act, and if it shall assume to act for the enforcement of covenants hereof, it shall not be answerable for any mistake of judgment, and shall be indemnified out of the funds and property which come into its hands for all claims and demands against it, or for all damages· or liability incurred by it, and in all cases the trustee shall be authorized to make such advances as it, in its discretion may deem advisable for the protection and enforcement of this trust, and to pay such reasonable compensation as it may deem proper for attorneys' services and for agents, whom it may employ in the management of the trust, and shall be entitled to and have just compensation for all services it may render hereunder in connection with the trust hereby created.

"Sixteenth: The Trustee named herein, or any Trustee hereafter appointed may resign and thereby become discharged from the trust by notice in writing to be given to the Company at least sixty days before such resigna-

tion may take effect, in which event, a successor may be appointed, as follows:"

■ A trustee holds the trust estate for the cestui que trust, and to effect the purposes and objects declared by the trust instrument, and it is incumbent on him to preserve and protect the trust property for all the beneficiaries, and to administer it strictly in compliance with the terms of the trust. 26 R. C. L. § 131, p. 1281.

It is also the duty of a trustee to defend the life of the trust whenever it is assailed. Cuthbert v. Chauvet, 136 N. Y. 326, 32 N. E. 1088, 18 L. R. A. 745; Farmers' Loan & Trust Company v. Northern Pacific Railroad Company (C. C.) 66 F. 169, 176.

■ In the case at bar appellee cannot escape liability on the ground that it exercised its right to resign under the trust indenture.

In the first place, a resignation could not become effective, under the agreement, until the expiration of sixty days, while here it appears that the trustee surrendered the securities in its custody within six days from the date of its pretended resignation; and in the second place it was never intended that the securities which had been placed with the trustee for the protection of the certificate holders should ever be returned to the party who pledged them as long as anything in reference to the trust remained to be done.

■ Nor do we think the order of the court in the receivership proceeding afforded any justification for turning over to the receiver the securities, which, under the terms of the trust indenture, were the property of the participation certificate holders. Appellants and the trustee were neither one parties to the receivership, and therefore the court had no power to bring the property of appellants in the hands of the trustee into the court to be disposed of by the receiver.

It appears that appellee, when it was given notice of the filing of the motion by the receiver, did nothing in the way of resisting the motion and filed no pleading. Under the facts as they appear in this record, we are of the opinion that the trustee acted in violation of the trust agreement and is liable to appellant for the amount of the trust funds set aside to protect the certificates of Mrs. Bruce.

It appears from the record that the amount of outstanding participation certificates was $138,500, and that the trustee turned over to the receiver the sum of $139,039.47 in securities. From this it will be seen that there was a surplus of securities over and above the amount owing to the certificate holders.

We have concluded, therefore, that the judgment of the trial court should be reversed and judgment here rendered that appellants recover from appellee the sum of $12,000, the value of the twelve certificates, with interest thereon at the rate of 6 per cent. per annum from November 1, 1931.