REPUBLIC NATIONAL BANK & TRUST COMPANY V.
MRS. NELL G. BRUCE ET VIR.

No. 6839.   Decided June 9, 1937.
Rehearing overruled July 28, 1937.
(105 S. W., 2d Series, 882.)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*T. B. Reese, S. W. Marshall,* and *H. W. Whisenant,* all of Dallas, for plaintiff in error.

*Leake, Henry & Golden,* of Dallas, for defendants in error.

It is the duty of the trustee to retain the custody of the securities for the protection of the legal holders of the secured obligations in accordance with the trust agreement, and a surrender of the securities by the trustee is a conversion of them for which it is responsible to a holder of the secured obligation. City of Houston v. Allred, 123 Texas 35, 66 S. W. (2d) 655; Ex parte Renfro, 115 Texas 82, 273 S. W. 813; Gardner v. Goodner Gro. Co., 113 Texas 423, 256 S. W. 911.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

We give here only the substance of the controlling facts in this case. A more detailed statement will be found in the opinion of the Court of Civil Appeals. Bruce et al. v. Republic National Bank & Trust Co., 74 S. W. (2d) 461.

The North Texas Trust Company was the owner of paving certificates. In 1927 a trust instrument was executed and delivered by it, naming the North Texas National Bank trustee, and the holders of "Participation Certificates" as beneficiaries. By its terms such "Participation Certificates" were to be issued by it to an amount not greater than the total amount of paving certificates deposited with the trustee as security for the "Participation Certificates." Such securities were so deposited, and "Participation Certificates" issued in an amount approximately equal to the total of the amount of paving certificates deposited as the underlying and sole security therefor. Thereafter Mrs. Bruce, hereafter designated plaintiff, purchased 12 of these, of the value of $1,000 each. The Republic National Bank & Trust Company, hereafter called defendant, subsequently became trustee of said trust estate. It surrendered to a receiver of the North Texas Trust Company without resistance and upon a void court order, all the said trust estate, including all the property deposited with it as security for the said "Participation Certificates" theretofore issued. Plaintiff brought suit against it for breach of trust, and was denied a recovery by the trial court.

This judgment was reversed and rendered by the Court of Civil Appeals. See 74 S. W. (2d) 461, supra. The sole question here is whether or not the undisputed facts disclose such a breach of trust as requires the entry of a judgment for plaintiff against defendant.

Among the provisions of the trust agreement are the following:

"The company desires to assign and deliver to the Trustee Municipal Special Assessment Certificates, * * . * as the property of and for the benefit of all holders of said Participation Certificates upon the terms and conditions herein set forth, * * * for the purpose of creating a trust fund for the holders of said Participation Certificates. * * * The Trustee, shall collect the principal of all securities deposited hereunder at the maturities as therein provided and the interest thereon as therein provided, and shall pay the principal to the certificate holders at their respective maturities * * *. The Trustee shall distribute and pay out of the interest collected from said securities interest to the holders of the Participation Certificates issued hereunder at the rate of six per cent. (6%) per annum semi annually as set out in the coupons attached thereto.· * * * Said collateral and the proceeds thereof, shall be held by the Trustee and its successors in trust for the equal and proportionate benefit of all present and future holders of the said Participation Certificates issued and to be issued hereunder and interest thereon, without preference, priority or distinction of any one certificate over any other certificate by reason of priority in the certification, issue or negotiation.· * * * It is further agreed that the trusts created by this instrument are accepted by the Trustee upon the express condition that the Trustee shall not be responsible for making any collections of principal or interest due or accrued on the collateral held by it, and the Trustee shall not incur any liability or any responsibility whatever by reason of the invalidity, lack of value or uncollectability of any of the collateral held by it. Trustee shall be answerable only for its own wilful defaults or gross negligence, * * * . SIXTEENTH: The Trustee named herein, or any Trustee hereafter appointed may resign and thereby become discharged from the trust by notice in writing to be given to the Company at least sixty days before such resignation may take effect, in which event, a successor may be appointed, as follows:

"The Company may appoint some National Bank in the City of Dallas as Trustee hereunder. If such appointment be not acceptable to the majority in interest of the holders of the cer-

tificates issued hereunder, then such majority in interest may appoint and designate a trustee hereunder or a trustee may be appointed by a Court of competent jurisdiction on the application of the Company, or a majority in interest of the holders of the certificate issued hereunder."

A receiver was appointed for the trustor in the above instrument. To this receivership proceeding plaintiff and defendant were strangers, neither being made parties. Though the trustor had no present property rights in the trust estate the trial court issued as to these parties an ex parte summary order for its delivery by the trustee to the above receiver. This order was almost immediately obeyed without resistance and the defendant about the same time resigned as trustee without any attempt to comply with the quoted stipulation of the trust agreement governing such resignations. An executive officer of defendant was shown to have made the following statements to plaintiff's husband:

"Did he ever say anything to you about where the paving certificates actually were and where they were going to stay? A. He said they were right at the bank and were going to stay there and nobody could touch them. I asked him if there was any danger of them being involved in the North Texas and he said, no there couldn't possibly be; they were separate and distinct. Q. Now, when you saw him and had the talk with him in which you understood as a matter of fact the bank had given up the paving certificates, what did you say about how they had come to give them up? * * * He just said they went to the court house and gave them up. In fact, he wouldn't talk about it. * * * He said that is all there was to it. * * *."

■ We turn briefly to a consideration of well settled legal principles believed by us to control the disposition of the question before us.

"The safety of the trust fund is the first care of the law, and on this depends every rule which has been made for the conduct of trustees. Where a trustee of an express trust has received the trust fund and has not spent it for trust purposes, he can not deny that the fund is still in his hands." 65 C. J. 651.

"If a trustee once accepts the office, he can not by his sole action be discharged from his duties. Having once entered upon the management of the trust, he must continue to perform its duties until he is discharged in one of three ways: first, he may be removed and discharged, and a new trustee substituted in his place, by proceedings before a court having jurisdiction over the trust; second, he may be discharged, and a new trustee ap-

pointed, by the agreement and concurrence of all the parties interested in the trust; and third, he may be discharged, and a new trustee appointed, in the manner pointed out in the instrument creating the trust, if it makes any provisions upon that subject. Mere abandonment of the trust will not vest the trust property in the hands of his cotrustee, nor relieve a trustee from liability. If a trustee conveys away the trust estate to another, even his cotrustee, and appoints another to execute the trust, the conveyance may pass the naked legal title, but it will have no effect in relieving the original trustee from responsibility, if the transaction is not sanctioned by the decree of the court, or by the consent of all parties interested; * * *." Perry on Trusts and Trustees, (7th ed.) Par. 274.

" * * * If a person takes upon himself the management of property for the benefit of another, he has no right to impose that duty on others, and if he (delegates discretionary powers with reference to the control and management of the trust property he becomes a guarantor) and is responsible to the cestui que trust, to whom he owes the duty. Therefore, if a trustee confides his duties or the trust fund to the care of a stranger, (or to a trust company,) or to his attorney, or even to his cotrustee or coexecutor, he will be personally responsible." Id., Par. 402, pp. 677-678.

"By accepting the trust, a trustee becomes bound to execute it, in accordance with the provisions of the trust instrument, unless such directions are declared invalid by a court of competent jurisdiction, or unless a court of equity decrees otherwise. So, too, after acceptance, he must execute the trust without any further request from anybody, and he can be relieved from all or part of his duties only by the consent of all the beneficiaries, or by putting the administration of the trust into the hands of a court of equity. Every violation by a trustee of a duty which equity lays on him, whether wilful or forgetful, is a breach of trust, for which he is liable." 65 C. J., p. 647.

" * * * but good faith is no defense where the trustee has arbitrarily overstepped the bounds of his authority, or where he has not exercised diligence or has acted unreasonably, or has been guilty of such gross neglect as no reasonably intelligent person would consider proper." Id., p. 650.

■ The relation of a trustee to the trust estate is personal and one of confidence. He handles another's property. The law ought and does demand of him a strict accounting to the letter and spirit of his contract. It tolerates no deviation therefrom which amounts to a breach of his agreement. As said of the duty of an administrator by Judge GREENWOOD: "It is as much the

administrator's duty to withhold the estate from one not law-
fully entitled to receive it, as it is his duty to surrender the
estate whenever the administration may be closed, to those en-
titled thereto." Drew v. Jarvis, 110 Texas 136, 216 S. W. 618.
"The absolute and positive duty is imposed upon him (the
trustee) to defend the life of the trust whenever it is assailed;
if the means of defense are known to him or can with diligence
be discovered." Cuthbert v. Chauvet, 136 N. Y. 326, 32 N. E.
1088. See also 26 R. C. L., p. 1281; Hodge v. Taylor, 85 S. W.
(2d) 799.

■ In cases of this character the trustee and the beneficiaries
are considered the real owners of the trust estate. Perry on
Trusts and Trustees, (7th ed.) Par. 873. Obviously the bene-
ficiaries are necessary parties to any proceeding, the object or
effect of which is to end the trust or materially alter its terms.
Cavers v. Sioux Oil & Ref. Co., 39 S. W. (2d) 862.

Here the effect of the transactions above was to place a
trust estate in a receiver's hands, without even a pretense that
it was threatened with insolvency, or that any statutory ground
existed for such action. Not only so, but its possession and con-
trol was passed back into the estate of the trustor, by an ex
parte summary proceeding to which the present beneficiary was
not a party. The trustor's estate and that of the trust property
here involved were distinct and separate estates.

■ It is the well settled rule that a pledgee has the right of
possession of pledged property, as against the receiver of the
pledgor. National Exchange Bank v. Benbrook Sch. Furn. Co.,
27 S. W. 297; Ex parte Renfro, 115 Texas 82, 273 S. W. 813;
36 Tex. Jur., p. 186.

That the trustor in this case had no present property right
in the trust estate, and could exercise no right of control or
possession over it until the trust agreement had been performed
according to its terms, is too plain for argument. Equally plain
is the proposition that the receiver of the trustor had no greater
rights in same than the trustor. Suppose here, the trustor,
having assigned the trust estate for the specific benefit of third
parties, had peremptorily demanded and received from the
trustee all such estate, leaving the beneficiaries entirely without
security. Would any judicial tribunal, under these facts, hesitate
to hold the trustee liable? Differing in form only, this is plain-
tiff's case.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court June 9, 1937.
Rehearing overruled July 28, 1937.