The FIRST NATIONAL BANK OF PORT ARTHUR, Appellant,

v.

Lillie SASSINE, Appellee.

No. 8014.

Court of Civil Appeals of Texas.

Sept. 15, 1977.

Rehearing Denied Oct. 6, 1977.

Banker Phares, Port Arthur, for appellant.

John P. Blair, Beaumont, B. T. McWhorter, Port Arthur, for appellee.

CLAYTON, Justice.

Appellee, Mrs. Lillie Sassine, sued the First National Bank of Port Arthur, Individually and as Independent Executor of the Estate of Solomon Sassine, deceased, alleging that the Bank unlawfully removed $53,648 from her trust account and transferred that amount to the account of the Estate of Solomon Sassine, the Bank acting as Independent Executor of the Estate of Solomon Sassine. The trial court entered judgment against the Bank for this amount from which the Bank appeals.

It is undisputed that appellee, Mrs. Sassine, created an irrevocable inter vivos trust in May 1971, naming appellant bank as trustee containing the provisions for distribution to the appellee exclusively during her lifetime and allowing appellee to dispose of the trust assets at her death by her will. The trust was created without the joinder of her husband.

The undisputed evidence shows that on March 30, 1964, a savings account was created in appellant Bank in the name of Lillie Sassine, alone, and three months later, appellee added the names of her son and grandson as joint tenants with right of survivorship. The actions with reference to the creation of the original savings account, as between appellee and her husband, Solomon Sassine, would give rise to a question as to whether the funds used in creating the account would constitute the separate property of appellee or community property of appellee and her husband. The funds from that account were used in the creation of the "Lillie Sassine Trust."

When Solomon Sassine died testate in October 1971, a controversy arose over this trust account. As a result of this controversy, the Bank, acting as Independent Executor of the Estate of Solomon Sassine, included in the final inventory of the estate one-half of the value of the "Lillie Sassine Trust" and eventually distributed that amount to the legatees under the will and

withheld the other one-half from the trust account. This was done without the consent of the beneficiaries of the Trust.

The Bank on its own volition determined that a portion of the trust funds were assets of the estate of Solomon Sassine and included such funds in the estate. The Bank in taking such action was acting in a dual capacity both as trustee of the "Lillie Sassine Trust" and as Independent Executor of the Estate of Solomon Sassine. The Bank has, in effect, unilaterally dissolved the "Lillie Sassine Trust" and delivered the funds to itself as the Independent Executor of the Estate of Solomon Sassine.

The trial court held that $53,648 of the trust account was the separate property of the appellee and entered judgment for that amount against appellant Bank.

In view of our disposition of this appeal, we do not find it necessary to decide whether the trust funds were the separate property of the appellee or the community property of appellee and her deceased husband. It was stipulated in the trial below that: (1) the "Lillie Sassine Trust" was a valid trust, and (2) Lillie Sassine did not commit any fraud, either actual or constructive.

■ Once a trust is established as valid it can only be set aside by a court of competent jurisdiction or by agreement of the parties. In *Republic Nat. Bank & Trust Co. v. Bruce,* 130 Tex. 136, 105 S.W.2d 882 (1937), the Court used the following language at 885:

> " 'By accepting the trust, a trustee becomes bound to execute it, in accordance with the provisions of the trust instrument, unless such directions are declared invalid by a court of competent jurisdiction, or unless a court of equity decrees otherwise. So, too, after acceptance, he must execute the trust without any further request from anybody, and he can be relieved from all or part of his duties only by the consent of all beneficiaries, or by putting the administration of the trust into the hands of a court of equity. Every violation by a trustee of a duty which equity lays on him, whether wilful or forgetful, is a breach of trust for which he is liable.' "

■ The Bank, being the trustee, cannot attack the validity of the trust. It is held in *Mason v. Mason,* 366 S.W.2d 552, 554 (Tex.1963):

> "It is the duty of the trustee and he is so empowered to defend the trust against all assailants. Every defense that can be made by the beneficiaries can be made by the trustee and having accepted the trust he is interested in upholding its validity."

Professor Bogert, in his treatise on trusts, says in this manner:

> "The trustee has a duty not to attack the trust or set up a claim that it is in whole or in part invalid, or that its creation was procured in an illegal manner or for an illegal purpose." G. Bogert, *Trusts and Trustees,* § 581 at 214–215 (2nd Ed. 1960).

The appellant Bank breached its trust and violated its terms and provisions of the trust agreement and violated its fiduciary duties to Lillie Sassine, appellee, when it transferred the assets of the "Lillie Sassine Trust" to it as Independent Executor of the Estate of Solomon Sassine.

The judgment of the trial court is AFFIRMED.