# NO. 12-18-00026-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SUSAN R. WALDRON,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *SUSAN R. WINKING TRUST AND* *RAYMOND W. COZBY, III,* | | |
| *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is a dispute between Susan R. Waldron, the Susan R. Winking Trust (the Trust), and Raymond W. Cozby, III, the trustee of the Trust, regarding the appointment of a successor trustee. We affirm.

## BACKGROUND

Waldron is the beneficiary of the Trust created by her parents. The trustee appointed by the grantors resigned. The substitute trustee named in the trust instrument, Southside Bank, declined to serve.

Article 4.2 of the Trust reads:

> Successor. If the original trustee fails or ceases to serve for any reason, then Southside Bank, Tyler, Texas, shall be successor trustee. If this or any other successor trustee fails or ceases to serve for any reason, then any bank or trust company may be appointed successor trustee by delivery of written notice to the successor trustee signed by the grantor, or if either grantor is legally disabled or deceased, then signed by the other grantor, or if both grantors are legally disabled or deceased, then signed by the beneficiary, or the beneficiary's attorney-in-fact or legal guardian. Each separate trust may have a different trustee.

The Trust requires the successor trustee to be a bank or trust company. When Waldron's sister, Amy, resigned, the successor trustee named in the trust instrument, Southside Bank, declined to

serve. Waldron could not find a bank or trust company willing to serve. The Trust made no provision for the appointment of an individual as a successor trustee. On September 12, 2016, Waldron filed an Application for Appointment of Successor Trustee asking the district court to appoint Cozby as successor trustee. The trial court appointed Cozby by order signed September 15, 2016.

On May 19, 2017, Waldron filed a pro se Application for Appointment of a Successor Trustee asking the court to appoint her as trustee. She alleged that Cozby refused to resign and that as a result of his conduct she "will be forced to relocate to Tyler, Texas, as my permanent residence next week bereft, homeless, penniless and needlessly in danger." The trial court set a hearing on her motion for July 13, 2017.

On May 26, 2017, Waldron filed a Request to Have Emergency Hearing in and Immediate Transfer to Probate Court. On June 7, she filed a Motion to Amend Withdraw Plaintiff's Application for Appointment as Successor Trustee and Request for Hearing and Cancel Hearing Set for July 13, 2017 and Reinstate Request for Emergency Hearing. In her motion, she told the court that her motion to open the probate case had been denied. She levelled multiple additional complaints against Cozby.

On June 22, Cozby filed a response to Waldron's motion to amend. Cozby stated therein, "Trustee is willing to resign and/or has no objection to his removal upon appointment of a qualified trustee as provided for in the Trust or as otherwise determined by the Court." He asked for a declaratory judgment and requested a finding that he complied with the Trust's terms, that he be removed or allowed to resign, that an appropriate successor trustee be appointed, and that he be discharged from any further liability.

Waldron filed a motion again asking the court to appoint her as trustee and requesting the cancellation of a hearing set for August 31, 2017. She recounted numerous complaints against Cozby and his attorney, Michael Coker. Next, she filed a "Request for Criminal Investigation, Motion to appoint Susan R. Waldron Successor Trustee and Cancel Hearing Set for August 31, 2017" in which she reiterated her complaints against Cozby and Coker. The trial court set a hearing for November 9, 2017.

On November 16, following a hearing, the trial court signed a judgment stating that Waldron would have until December 15 to recommend a qualified successor trustee. The court

2

also granted the relief Cozby sought. On December 12, Waldron filed an Application for Appointment of Successor Trustee asking that the court appoint Catherine E. Seibert trustee.

On December 15, Waldron filed a Motion for New Trial maintaining that the court erred in ignoring the trust language that states a trustee can be terminated immediately. She further contended the trial court erred in "placing the terminated trustee and his attorney in charge of selecting the successor trustee and by awarding attorney fees in an unknown amount."

Cozby then filed an Application for Resignation of Trustee and Appointment of Successor wherein he agreed to Seibert's appointment. Seibert signed a Notice of Appearance and Acceptance on December 29.

On February 23, 2018, the trial court signed a judgment in favor of Cozby approving the appointment of Seibert and approving Cozby's compensation. Waldron filed a notice of appeal and an affidavit of inability to pay costs.

On March 7, Cozby filed a motion for new trial advising the court that, prior to judgment, he anticipated an additional evidentiary hearing. He also informed the court that he filed a motion to abate the appeal in this court.

On March 29, this court issued a per curiam order finding the orders theretofore entered were not final appealable orders and stating our lack of authority to determine Waldron's ability to pay costs. In that order, we abated the appeal and remanded the matter to the trial court.

The trial court held a bench trial on June 21, 2018. After the presentation of evidence, the trial court found that the final accounting provided for the Trust fairly and accurately set forth the Trust's assets, liabilities, income, and expenses and the court approved it. The trial court further found that Cozby administered the Trust in accordance with its terms and the applicable law and was not liable to Waldron on any claims. The judgment appointed Seibert as successor trustee, her term to begin ten days after the judgment became final or all appeals exhausted, whichever was later. The trial court also found that all expenses and professional fees paid or incurred by Cozby were reasonable and necessary. The trial court found that Waldron was not indigent and awarded appellate fees as requested.

## TRIAL COURT FINDINGS

In her first issue, Waldron contends the trial court erred in ignoring Article 4.3 of the Trust which provides that the beneficiary may terminate a trustee immediately, without cause, by written

letter if both grantors are legally disabled or deceased. Under this issue, she also claims the trial court erred in excluding evidence of her termination letter to Cozby. In her second issue, she maintains that the trial court erred in reappointing Cozby and "appointing the terminated trustee and his attorney to act on behalf of the Vourt and gave the terminated trustee complete authority to investigate and approve or disapprove the successor trustee."

**Applicable Law**

The terms of the trust prevail over any provision of the Texas Trust Code with certain exceptions which are not applicable in this case. TEX. PROP. CODE ANN. § 111.0035(b) (West 2014). The Trust Code provides that the district court has "original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts. . .." *Id*. § 115.001 (West Supp. 2018). In this case, the Trust provided that the beneficiary could terminate a trustee by letter and appoint a successor bank or trust company that was willing to serve. But no bank or trust company was willing to serve. Therefore, the trust instrument did not provide a procedure for the appointment of a successor trustee under these circumstances. In such situation, the Trust Code provides that "[i]f for any reason a successor is not selected under the terms of the trust instrument, a court may and on the petition of any interested person shall appoint a successor in whom the trust shall vest." *Id*. § 113.083(a) (West 2014). A trustee's fiduciary duties are not discharged until the trustee has been replaced by a successor trustee. *Ashmore v. N. Dallas Bank & Trust*, 804 S.W.2d 156, 159 (Tex. App.—Dallas 1990, no writ) (citing *Republic Nat'l Bank & Trust Co. v. Bruce*, 130 Tex. 136, 139-40, 105 S.W.2d 882, 884-85 (1937)).

**Discussion**

Waldron contends that she can remove the trustee at any time by written letter. In her view, Cozby was no longer trustee after the receipt of her termination letter. Therefore, he was not thereafter entitled to claim reimbursement from the Trust for expenses or professional services. Although Article 4.3 of the Trust provides for termination by letter, Article 4.2 requires that any successor trustee be a bank or trust company. Since no bank or trust company could be found that was willing to serve, Waldron could not appoint a successor and her attempt at removal by letter without naming a bank or trust company as successor was ineffective. The only procedure available for the trustee's replacement under these circumstances was by petition to the district court for the appointment of a trustee. TEX. PROP. CODE ANN. § 113.083(a). Although ready and willing to be replaced, Cozby, as trustee, was obligated to continue in the performance of his duties

4

until replaced by a successor trustee. *See **Ashmore***, 804 S.W.2d at 159. The trial court correctly interpreted the trust instrument and correctly applied the pertinent provisions of the Texas Trust Code. The trial court's judgment is supported by the evidence.

Regarding Waldron's claims that the trial court erred in excluding evidence of her letter of June 2017 to Cozby attempting to terminate his trusteeship, we can find no record that she attempted to introduce the letter into evidence. Thus, the record does not demonstrate that the trial court excluded evidence of the letter.

Waldron also cites several undisputed principles of trust law regarding the duties of trustee. But nowhere in her argument does she relate these general propositions to the case at hand or demonstrate how they support her contention that she had a right to terminate Cozby by letter or that the court erred in appointing Cozby. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument for the contentions made, with appropriate citations to authorities).

In her argument, Waldron complains generally that because of the trial court's rulings, her "rights have been effectively obstructed and tremendous loss of time and damage has occurred to both the appellant and the Susan R. Winking Trust." Waldron's aim was to replace Cozby as trustee of the Trust. The unnecessary delay and consequent extra expenses in the appointment of a successor trustee were not caused by the court or the trustee, but by Waldron herself. Waldron filed numerous motions and requested hearings, only to move for their postponement. Further delay resulted from a pointless and unsuccessful effort to move the case to the probate court. She failed to attend a properly scheduled deposition. In her pleadings she made numerous accusations of misconduct, but she produced no evidence to substantiate them. Accordingly, for the above reasons, Waldron's first issue is overruled.

With respect to Waldron's second issue, Cozby was appointed at her request. He was not reappointed. The court never appointed Cozby and his lawyer "to act on behalf of the court." Nor did the court give Cozby "complete authority to investigate and improve or disapprove the successor trustee." Nothing in the record supports these claims. *See* Tex. R. App. P. 38.1(i). Thus, Waldron's second issue is overruled.

## DISPOSITION

We have overruled both of Waldron's issues. The judgment is *affirmed*.

**BILL BASS**
Justice

Opinion delivered July 10, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 10, 2019**

**NO. 12-18-00026-CV**

**SUSAN R. WALDRON,**
Appellant
V.
**SUSAN R. WINKING TRUST AND RAYMOND W. COZBY, III,**
Appellees

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 16-1880-C)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **SUSAN R. WALDRON,** for which execution may issue, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*