ORION INVESTMENTS, INC., R. Lloyd Martin, Mohammad Safdar, M. Kenneth Shamburger, Robert T. Sims, Jr., Appellants,

v.

DUNAWAY AND ASSOCIATES, INC., Appellee.

No. 2–88–038–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 10, 1988.

Ronald G. Knight, McLean, Sanders, Price, Head and Ellis, Fort Worth, for appellants.

John B. Lay, Sandra C. Robertson, Hudson, Keltner, Smith, Brants & Sparks, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal from an order denying appellant's alternative motions for new trial, motion to reinstate case, motion to set aside notice of non-suit or motion to set aside order granting non-suit. Appellant has perfected this appeal from the order denying appellant's motions.

We affirm.

On October 26, 1987, Dunaway and Associates, Inc. ("Dunaway"), filed suit against Orion Investments, Inc., R. Lloyd Martin, Mohammed Safdar, M. Kenneth Shamburger, Robert P. Sims, Jr., David Merrill, and William Lund (collectively "Orion"), alleging Orion breached a contract to pay for engineering and surveying functions ("First Suit"). On December 4, 1987, Orion filed its original answer, and its first set of interrogatories, request for production of documents, and request for admissions. Also on December 4th, Orion filed a suggestion of bankruptcy notifying the court and Dunaway that M. Kenneth Shamburger, one of the defendants, had filed a bankruptcy petition. Dunaway did not timely answer or object to the interrogatories, request for production or request for admissions. Dunaway's counsel contacted Orion's counsel and requested an extension of time to file the responses, but Orion's counsel did not agree to the request. On January 19, 1988, Dunaway filed a motion to withdraw deemed facts admitted and obtained a hearing date of February 19, 1988. On January 22, 1988, Dunaway filed a notice of non-suit. Also on January 22, 1988, Dunaway filed a Second Suit against Orion Investments, Inc., R. Lloyd Martin, Mohammed Safdar, Robert P. Sims, Jr., and David Merrill ("Second Suit"). Dunaway did not file suit against Shamberger. The cause of action in the Second Suit was substantially the same as in the First Suit. The trial court signed an order granting the non-suit on January 25, 1988. On January 26, 1988, Dunaway's counsel mailed a copy of the notice of non-suit to Orion's counsel. On February 12, 1988, Orion filed, in the First Suit, a motion styled motion for new trial or in the alternative motion to reinstate or in the alternative motion to set aside notice of non-suit and order for non-suit. On February 19, 1988, the trial court denied the motion. Orion filed this appeal; David Merrill and William Lund did not participate in this appeal.

Orion raises seven points of error. Orion contends the trial court erred in overruling Orion's motion for new trial because:

1) the right to take a non-suit is not without limitation, the plaintiff must act in good faith in taking a non-suit and should not use a non-suit to better its position;

2) Dunaway's failure to timely answer Orion's request for admissions triggered an automatic sanction under rule 215(4)(a) [all citations to rules refer to Texas Rules of Civil Procedure];

3) Dunaway improperly used the non-suit to circumvent the deemed admissions by filing a non-suit in the First Suit then refiling in a Second Suit;

4) Dunaway is seeking to avoid the effect of rule 162 that a non-suit shall not affect a pending motion for sanctions;

5) Dunaway did not comply with the notice requirement of rule 162;

6) the Second Suit is not "any other proceeding" within the meaning of rule 169; and

7) Dunaway's filing of non-suit violated the automatic stay of 11 U.S.C. section 362.

■ First, we note Orion's sixth point of error is not properly before the court. Rule 169(2) provides that any admission under the rule "is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose and may not be used against him in any other proceeding." Orion contends the Second Suit is not "any other proceeding," but is the same action as the First Suit. Orion's argument is simply not relevant to its motion to reinstate the First Suit. If correct, Orion's interpretation of rule 169 would enable the trial court in the Second Suit to hold the deemed admissions from the First Suit may be used against Dunaway in the Second Suit. However, whether the deemed admissions may be used in the Second Suit is not relevant to whether the court in the First Suit should have granted Orion's motion for new trial. Therefore, we do not express any opinion on whether the deemed admissions may be used in the Second Suit.

■ Orion's first and third points of error address the point Dunaway is not in good faith in that the non-suit is an effort to avoid the effect of the deemed admissions. A plaintiff has the right to non-suit unless the defendant has filed pleadings seeking affirmative relief. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982). After a non-suit, a defendant cannot force a plaintiff to continue an action. *Cape Oil Co. v. Williams*, 427 S.W.2d 122, 126 (Tex.Civ.App.—Tyler 1968, no writ).

■ Orion contends the First Suit should be reinstated so Dunaway will not be allowed to circumvent the deemed admissions. Then, if the trial court did not grant Dunaway's request to withdraw deemed admissions, Orion would be able to ask the court to dismiss the case with prejudice. However, Orion is not seeking the correct remedy; Orion should ask the trial court to dismiss the Second Suit. *Compare Texas*

*ex rel. Dishman v. Gary*, 359 S.W.2d 456 (Tex.1962) (remedy for filing of repeated vexatious lawsuits is not reinstating dismissed suit, but preventing filing of another suit). Orion cites two cases which support reinstating a non-suited case. *McCormick v. Hines*, 498 S.W.2d 58, 64 (Tex.Civ. App.—Amarillo 1973, writ dism'd); *J.A. Walsh & Co. v. R.B. Butler, Inc.*, 260 S.W.2d 889, 890 (Tex.Civ.App.—Waco 1953, writ dism'd w.o.j.). *McCormick* involved a dispute over a trust fund in which the plaintiff/trustees entered into a contract with the defendant/beneficiaries where the beneficiaries agreed to waive service of process and the trustees agreed to prosecute the suit to completion. *McCormick*, 498 S.W.2d at 60–61. The plaintiffs and defendants signed the contract because it was in the interest of all parties to settle the dispute over the trust. Two trustees withdrew from the suit after the beneficiaries waived service of process. *Id.* The court held the trustees were bound to comply with the terms of the agreement. *Id.* at 64. *Walsh & Co.* involved an implied contract in that the court held the defendant, due to correspondence between the attorneys, was justified in his belief that the plaintiff would not request a non-suit while they were still conducting settlement negotiations. *Walsh & Co.*, 260 S.W.2d at 890. These cases are not on point because no contract or implied contract is at issue in this case.

Orion also contends their motion should be granted in the interest of judicial economy. However, Orion cites no authority supporting the proposition that judicial economy is promoted by reinstating a non-suited case.

■ In effect, Orion is arguing to reinstate the First Suit because it is uncertain whether the Second Suit can be dismissed based on the deemed admissions from the First Suit. As noted earlier, we express no opinion whether the deemed admissions may be used in the Second Suit. Our decision in this case is not dependent on that issue. Dunaway is not in bad faith merely because it exercised its well-established right to take a non-suit. Admittedly, Dun-

away faced a serious problem in the First Suit when it failed to answer Orion's request for admissions, but we are unwilling to hold a plaintiff is in bad faith for taking a non-suit when the case has become difficult. The plaintiff can hardly be expected to take a non-suit when its case is progressing in a satisfactory manner towards judgment. Likewise, Dunaway is not in bad faith merely because Orion may be expected to argue the deemed admissions may be used against Dunaway in the Second Suit. Accordingly, Orion's first and third points of error are overruled.

■ Orion's second and fourth points of error argue the trial court erred because a non-suit should not affect a pending motion for sanctions. Rule 162 provides a "dismissal under this rule shall have no effect on any motions for sanctions ... pending at time of dismissal, as determined by the court." Orion contends the deemed admissions were pending sanctions. There was no *pending* motion for sanctions. The admissions are automatically deemed without the requirement of a motion or court order. TEX.R.CIV.P. 169(1). Further, rule 162 does not state a non-suit may not be granted, but merely provides the non-suit will not affect any pending motions. Accordingly, Orion's second and fourth points of error are overruled.

■ In its fifth point of error, Orion contends Dunaway did not comply with the notice requirements of rule 162. The Texas Supreme Court has held no particular procedure is required to take a non-suit. *Greenberg*, 640 S.W.2d at 872. In *Greenberg*, the court construed the former rule 164. The plaintiff's right to non-suit is now governed by rule 162, and Orion argues the rationale of *Greenberg* is not applicable to rule 162. Rule 162 provides the plaintiff may take a non-suit "which shall be entered in the minutes." The rule then states "[n]otice of non-suit shall be served in accordance with rule 21a on any party who has answered or has been served with process without necessity of court order." Therefore, while it is true the plaintiff should notify other parties to the suit, a fair reading of the rule does not indicate

the plaintiff's right to non-suit is dependent on notifying all parties. We do not believe rule 162 modified long-established case law that the non-suit is effective when the motion for non-suit is filed. *Id.; Anglo Exploration Corp. v. Grayshon*, 562 S.W.2d 567, 568 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.).

■ In its seventh point of error, Orion claims the non-suit violated the automatic stay of 11 U.S.C. section 362 (Supp.1988). The automatic stay is violated by "the commencement or continuation" of a suit against the debtor. 11 U.S.C. sec. 362(a)(1). A non-suit is a termination of a case and does not violate the terms of the automatic stay. Accordingly, Orion's seventh point of error is overruled.

Dunaway requests this court to award damages against Orion because this appeal was taken for purposes of delay. Orion's brief raises arguable points of error. We decline to rule the appeal was taken for delay. *Compare GTE Directories Corp. v. McKinnon*, 734 S.W.2d 429, 432 (Tex.App. —Fort Worth 1987, no writ.).

JUDGMENT AFFIRMED.