Autry 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 





NO. 3-92-039-CV






TANNER AUTRY,



 APPELLANT



vs.






BEACON NATIONAL INSURANCE COMPANY,



 APPELLEE




 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT


NO. 90-299-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING



 




 Tanner Autry petitions this court for review by writ of error of an adverse summary
judgment in her suit against Beacon National Insurance Company. We reverse the summary
judgment of the trial court and remand with instructions to reinstate the order of dismissal dated
May 2, 1991.



BACKGROUND


 After Tanner Autry's house burned, Autry filed a claim for insurance proceeds
under a standard fire-insurance policy with Beacon National Insurance Company. Beacon alleged
that Autry intentionally set the fire for the purpose of fraudulently collecting under the insurance
policy and denied the claim. Autry then filed suit against Beacon in 1989 to recover the policy
proceeds.

 On March 8, 1991, Beacon filed a motion for summary judgment based upon facts
deemed admitted when Autry failed to respond to Beacon's requests for admissions. Rather than
filing a response to Beacon's motion for summary judgment, Autry filed a motion for nonsuit on
April 26, 1991. At that time, Beacon had not filed any sort of counterclaim or other request for
affirmative relief.

 On May 2, 1991, the trial court proceeded with a hearing on Beacon's motion for
summary judgment, which neither Autry nor her attorney attended. (1) On that same day, the
district judge also signed an order granting Autry's motion for nonsuit. In a final judgment dated
May 23, 1991, the trial court rendered summary judgment in favor of Beacon. The court
subsequently set aside the order of dismissal on May 28, 1991, on the ground that the court had
granted the motion for summary judgment first. Autry appeals by writ of error filed November
21, 1991.



DISCUSSION


 In a single point of error, Autry contends that the trial court erred in setting aside
its order granting a nonsuit and in granting summary judgment in favor of Beacon instead. Autry
argues that she had an absolute right to take a nonsuit before the summary-judgment hearing, and
because she filed her motion for nonsuit before the hearing, the trial court was without jurisdiction
to grant summary judgment in favor of Beacon. We agree.

 Rule 162 of the Texas Rules of Civil Procedure allows a plaintiff to take a nonsuit
at any time before she has introduced all of her evidence other than rebuttal evidence. Tex. R.
Civ. Proc. Ann. 162 (Supp. 1992). This right is absolute and unqualified, as long as the
defendant has not already made a claim for affirmative relief. McQuillan v. Hughes, 626 S.W.2d
495, 496 (Tex. 1981). Moreover, the plaintiff's right to nonsuit exists and is effective from the
moment a written motion is filed or an oral motion is made in open court. Greenberg v.
Brookshire, 640 S.W.2d 870, 872 (Tex. 1982); Orion Inv., Inc. v. Dunaway and Assoc., 760
S.W.2d 371, 374 (Tex. App. 1988, writ denied). The granting of nonsuit is merely a ministerial
act. Greenberg, 640 S.W.2d at 872.

 Autry exercised a well-established right to take a nonsuit. She filed her motion for
nonsuit on April 26, 1991, at a time when she had not introduced evidence in her suit and Beacon
had not filed pleadings seeking affirmative relief. Beacon thereafter could not force Autry to
continue her action. See Orion, 760 S.W.2d at 373. Consequently, the trial court erred in
granting summary judgment in favor of Beacon and in subsequently withdrawing the order of
dismissal. We sustain this point of error.

 By reply point, Beacon seeks a dismissal of Autry's writ of error on the ground that
Autry participated in the actual trial of the case. See Tex. R. App. P. Ann. 45(b) (Pamph. 1992). 
This contention is without merit. Autry neither filed a response to the motion for summary
judgment nor appeared at the summary judgment hearing. Thus, we conclude that Autry did not
participate in the "actual trial of the case" within the meaning of Rule 45(b) by filing her petition
in this cause. See Ridgeline, Inc. v. Crow-Gottesman-Shafer #1, 734 S.W.2d 114, 116 (Tex.
App. 1987, no writ); Stiver v. Texas Instr., Inc., 615 S.W.2d 839, 841-42 (Tex. Civ. App. 1981,
writ ref'd n.r.e.).

 In Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex. 1985), the Texas Supreme Court
stated the four elements necessary for review by writ of error: (1) the petition must have been
brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not
participate in the trial, and; (4) error must be apparent from the face of the record. Autry, a party
to the suit, filed her petition for writ of error within six months of the date the trial-court judge
signed the final summary judgment order. We have concluded that the trial court erred in
withdrawing the order of dismissal in this cause, and we have also concluded that Autry did not
participate in the actual trial of the case. Because Autry meets the Stubbs criteria, she is entitled
to review by writ of error. Accordingly we overrule this reply point.



DISPOSITION


 We reverse and remand to the trial court with instructions to withdraw the order
of summary judgment and reinstate the order of dismissal dated May 2, 1991.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Reversed and Remanded

Filed: August 26, 1992

[Do Not Publish]


1.   Autry asserts that she did not appear at the hearing on the motion for summary
judgment because her attorney had filed a motion for nonsuit and she assumed the
nonsuit was effective at the time it was filed.