Osteen etal v. Dodson etal 










(WITHDRAWN 4-13-94)





IN THE
TENTH COURT OF APPEALS
 

No. 10-93-170-CV

     MARY ROSE OSTEEN, ET AL.,
                                                                                              Appellants
     v.

     GLYNN DODSON, INC., ET AL.,
                                                                                              Appellees
 

From the 40th District Court
Ellis County, Texas
Trial Court # 50074
                                                                                                    

O P I N I O N
                                                                                                    

      Osteen, joined by her children,


 sued Glynn Dodson, Inc. and Ferris Farmers Supply, Inc.
for negligence contributing to injures to Osteen and the wrongful death of her husband, her
children's father. The court granted Dodson a take-nothing summary judgment and rendered a
take-nothing judgment in favor of Ferris on a pretrial plea in bar. Both claims were based on
deemed admissions entered in an identical suit previously dismissed by Osteen through a non-suit. 
In two points of error, Osteen claims that the court erred by granting the defendants take-nothing
judgments. We will reverse the judgments.
      At approximately 2:00 in the morning of March 9, 1991, an employee of Dodson spilled
ammonia while he was pumping the chemical from a Ferris transport truck into a storage tank
owned by Ferris. The fumes from the ammonia invaded the Osteen home, allegedly resulting in
injuries to Mary Osteen and the death of Jimmie Osteen, Mary's husband and the other plaintiffs'
father.
      Osteen filed suit against Dodson and Ferris in 1991.


 Although the suit was filed by counsel,
Osteen apparently proceeded pro se. In July 1992, the defendants served Osteen with requests for
admissions, which included requests that she admit the defendants did not cause any damage to
Osteen and that the ammonia was not responsible for injuries to Mary or Jimmie Osteen. See
Tex. R. Civ. P. 169. Someone handwrote "denied" below each of the requests and returned the
requested admissions to the defendants.


 None of the responses were signed. Because the
responses were not signed, the requests were deemed admitted. See id.
      The defendants moved for a summary judgment based on the deemed admissions. See id.
166a. Proceeding pro se, Osteen moved for a non-suit without prejudice. See id. 162. The court
granted her non-suit on October 27, 1992.
      On March 8, 1993, Osteen refiled the suit, still proceeding pro se. Dodson moved for a
summary judgment, attaching a copy of the deemed admissions from the prior action. Ferris
raised a plea in bar, arguing that the second suit was barred as a result of the prior admissions. 
The court granted both defendants the relief they sought.
DODSON'S MOTION FOR SUMMARY JUDGMENT
      Dodson relied strictly on the deemed admissions from the prior suit in seeking a summary
judgment. The parties have framed this case as an interpretation of Rule 169 of the Texas Rules
of Civil Procedure. Section 2 of this rule states that, "Any admission made by a party under this
rule is for the purpose of the pending action only and neither constitutes an admission by him for
any other purpose nor may be used against him in any other proceeding." Reading this rule
literally, we hold that the admissions deemed in the prior suit were not available to Dodson for
use in the second suit under Rule 169.
      Because the deemed admissions from the prior suit were not available in the second suit,
Dodson has failed to carry its burden of demonstrating that there are no genuine issues of material
fact to be resolved. See id. 166a(c). Thus, the court erred when it granted a summary judgment
for Dodson. See Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985). 
Point one is sustained.
      Dodson raises two additional arguments. Dodson first argues that Osteen abused the non-suit
process by taking the non-suit to avoid the effect of the deemed admissions. However, "we are
unwilling to hold a plaintiff is in bad faith for taking a non-suit when the case has become
difficult." See Orion Inv. v. Dunaway and Associates, 760 S.W.2d 371, 374 (Tex. App.—Fort
Worth 1988, writ denied). Osteen was entitled to take a non-suit in the face of deemed
admissions.



       Dodson also argues that the deemed admissions are a discovery sanction under Rule 215 that
survives the taking of a non-suit. However, unlike Rule 169, Rule 215 does not operate
automatically. If admissions may be deemed under Rule 215(4)(a) for failure to comply with Rule
169, they may only be deemed upon a motion by the requesting party. See Tex. R. Civ. P.
215(4)(b). There is nothing in the record to indicate that Dodson or Ferris filed a motion
requesting sanctions under Rule 215 in the first suit. Thus, the issue of whether deemed
admissions survive a non-suit as a discovery sanction is not before us.
FERRIS' PLEA IN BAR 
      Ferris raised the plea in bar in its original answer. The court set the plea for a hearing. The
docket sheet reflects that the hearing was held on May 13, 1993. The docket entry for that day
states: "P app pro se; D's app for Mon - Suits Ds Motions Granted - (P wanted 30 more days)." 
The final judgment recited that three exhibits were admitted during this hearing and that the court
considered these exhibits in rendering the judgment in favor of the defendants.
      The court's action in granting the plea in bar and rendering a take-nothing judgment was
improper. "[D]efenses ‛in bar’ are not the proper subject matter of disposition on mere
preliminary hearing before the court like pleas in abatement, although a speedy and final judgment
may be obtained on the basis of matters in bar and without the formality of a trial on the merits,
if the parties so agree or if recourse is had to the process of summary judgment where contested
fact issues are not present." Kelley v. Bluff Creek Oil Company, 158 Tex. 180, 309 S.W.2d 208,
214 (1958). The docket entry clearly reflects that Osteen did not agree to the pretrial hearing on
Ferris' plea in bar. Thus, Ferris was required to proceed with its claim as a motion for a summary
judgment, although the judgment may be upheld if the proceedings can be fairly characterized as
one on a summary judgment. See Walker v. Sharpe, 807 S.W.2d 442, 447 (Tex. App.—Corpus
Christi 1991, no writ).
      Ferris did not file a motion for a summary judgment. The hearing cannot be characterized
as a summary judgment proceeding. See Tex. R. Civ. P. 166a. Ferris concedes that the court
conducted an evidentiary hearing on the plea, a procedure that is not allowed in the summary
judgment context. See State v. Easley, 404 S.W.2d 296, 297 (Tex. 1966). Thus, the court erred
when it granted Ferris a take-nothing judgment on a pretrial plea in bar. Point two is sustained.
      The take-nothing judgments are reversed and this cause is remanded for a trial on the merits. 

 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed February 16, 1994
Publish
(WITHDRAWN 4-13-94)