Mary Rose **OSTEEN, et al., Appellants,**

v.

**GLYNN DODSON, INC., et al., Appellees.**

No. 10–93–170–CV.

Court of Appeals of Texas, Waco.

April 13, 1994.

Rehearing Denied May 11, 1994.

John C. Mallios, Kathy L. Weber & Jennifer S. Stoddard, Mallios & Associates, P.C., Dallas, for appellants.

Steven L. Russell & W. David Lee, Vinson & Elkins, L.L.P., Robert H. Frost & Joseph E. Byrne, Dallas, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Osteen, joined by her children,[1] sued Glynn Dodson, Inc. and Ferris Farmers Supply, Inc. for negligence contributing to injuries to Osteen and the wrongful death of her husband, her children's father. The court granted Dodson a take-nothing summary judgment and rendered a take-nothing judgment in favor of Ferris on a pretrial plea in bar. Both claims were based on deemed admissions entered in an identical suit previously dismissed by Osteen through a nonsuit. In two points of error, Osteen claims that the court erred by granting the defendants take-nothing judgments. We will reverse in part and affirm in part.

At approximately 2:00 in the morning of March 9, 1991, an employee of Dodson spilled ammonia while he was pumping the chemical from a Ferris transport truck into a storage tank owned by Ferris. The fumes from the ammonia invaded the Osteen home, allegedly resulting in injuries to Mary Osteen and the death of Jimmie Osteen, Mary's husband and the other plaintiffs' father.

Osteen filed suit against Dodson and Ferris in 1991.[2] Although the suit was filed by

---

1. In this opinion, we will refer to all of the plaintiffs as one party—"Osteen."

2. The procedural history of this dispute and the dates recited are mostly taken from the Osteen's appellate brief. Dodson and Ferris have at-

tempted to state that they disagree with some of the facts in the Osteen's brief, but the facts that we recite are not crucial to the disposition of this cause and we do not believe that the defendants dispute Osteen's appellate counsel's rendition of

counsel, Osteen apparently proceeded pro se. In July 1992, the defendants served Osteen with requests for admissions, which included requests that she admit the defendants did not cause any damage to Osteen and that the ammonia was not responsible for injuries to Mary or Jimmie Osteen. *See* Tex.R.Civ.P. 169. Someone handwrote "denied" below each of the requests and returned the requested admissions to the defendants.[3] None of the responses were signed. Because the responses were not signed, the requests were deemed admitted. *See id.*

The defendants moved for a summary judgment based on the deemed admissions. *See id.* 166a. Proceeding pro se, Osteen moved for a non-suit without prejudice. *See id.* 162. The court granted her non-suit on October 27, 1992.

On March 8, 1993, Osteen refiled the suit, still proceeding pro se. Dodson moved for a summary judgment, attaching a copy of the deemed admissions from the prior action. Ferris raised a plea in bar, arguing that the second suit was barred as a result of the prior admissions. The court granted both defendants the relief they sought.

## DODSON'S MOTION FOR SUMMARY JUDGMENT

█ Dodson relied strictly on the deemed admissions from the prior suit in seeking a summary judgment. The parties have framed this case as an interpretation of Rule 169 of the Texas Rules of Civil Procedure. Section 2 of this rule states that, "Any admission made by a party under this rule is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding." Reading this rule literally, we hold that the admissions deemed in the prior suit were not available to

Dodson for use in the second suit under Rule 169.

Because the deemed admissions from the prior suit were not available in the second suit, Dodson has failed to carry its burden of demonstrating that there are no genuine issues of material fact to be resolved. *See id.* 166a(c). Thus, the court erred when it granted a summary judgment for Dodson. *See Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548-49 (Tex.1985). Point one is sustained.

█ Dodson raises two additional arguments. Dodson first argues that Osteen abused the non-suit process by taking the non-suit to avoid the effect of the deemed admissions. However, "we are unwilling to hold a plaintiff is in bad faith for taking a non-suit when the case has become difficult." *See Orion Inv. v. Dunaway and Associates,* 760 S.W.2d 371, 374 (Tex.App.—Fort Worth 1988, writ denied). Osteen was entitled to take a non-suit in the face of deemed admissions.[4]

█ Dodson also argues that the deemed admissions are a discovery sanction under Rule 215 that survives the taking of a non-suit. However, unlike Rule 169, Rule 215 does not operate automatically. If admissions may be deemed under Rule 215(4)(a) for failure to comply with Rule 169, they may only be deemed upon a motion by the requesting party. *See* Tex.R.Civ.P. 215(4)(b). There is nothing in the record to indicate that Dodson or Ferris filed a motion requesting sanctions under Rule 215 in the first suit. Thus, the issue of whether deemed admissions survive a non-suit as a discovery sanction is not before us.

## FERRIS' PLEA IN BAR

█ Ferris raised the plea in bar in its original answer and requested that the court

---

these particular facts; therefore, we accept them as accurate.

3. Each of the five plaintiffs were served with an individual request for admissions. The responses were identical in content, but in different handwriting.

4. We stress that we are not relying on *Orion* for authority to support our interpretation of Rule 169. *See Orion Inv. v. Dunaway and Associates,* 760 S.W.2d 371 (Tex.App.—Fort Worth 1988,

writ denied). The *Orion* court recognized that the issue of the use of admissions deemed in a prior suit was not relevant to their decision and did "not express any opinion on whether the deemed admissions may be used in the Second Suit." *See id.* Our case differs, however, in that this appeal is brought from the Osteen's second suit, the court has allowed the defendants to use the deemed admissions and, so, we must determine if the deemed admissions are available to Dodson and Ferris.

set the plea for a hearing. On May 13, the court conducted an evidentiary hearing on the plea. The judgment rendered in favor of Ferris recites that the court admitted exhibits and heard the arguments of the parties at this hearing. The court then sustained Ferris' plea and rendered the judgment against Osteen.

Osteen complains in point two that the court abused its discretion because "the prerequisites to asserting a bar to the Second Suit were not met." In the argument under this point, Osteen admits that "the basis for . . . sustaining [the plea in bar] remains somewhat of a factual mystery . . . ." The reason for Osteen's problem is that "only two documents refer to this Plea in Bar, there is no statement of facts from the hearing at which the Plea in Bar was sustained, and there is no documentary evidence in the record in support of the Plea." Osteen reasons, then, that the court granted the plea based solely on the language in Ferris' original answer, which refers to the deemed admissions. Because these admissions are not available for Ferris' use in this second suit, Osteen argues that there is no evidence to support the court's action.

Osteen, as the appellant, has the burden of presenting a sufficient record to show reversible error. *See* TEX.R.APP.P. 50(d). Absent this record, we must presume that sufficient evidence was introduced at the hearing to support the judgment. *See Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991). The judgment implies all necessary findings of fact to sustain that judgment. *See Zac Smith & Co. v. Otis Elevator Co.,* 734 S.W.2d 662, 666 (Tex.1987), *cert. denied,* 484 U.S. 1063, 108 S.Ct. 1022, 98 L.Ed.2d 986 (1988). Thus, absent a complete record, Osteen is unable to show that the court erred when it granted the pretrial plea in bar, and point two is overruled.

The judgment is affirmed as to Ferris Farmer and reversed as to Glynn Dodson and remanded for trial.