Danny Joubert v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-237-CR

     DANNY JOUBERT,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27,743
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      The record does not demonstrate that Officer Ritter had a reasonable belief that Joubert
had committed a traffic violation. However, because he consented to the search, I join in
affirming the judgment.
      I would find the stop to be illegal. The question then becomes whether Joubert’s consent
purged the contamination from the illegal stop, i.e., whether the taint from the stop was
attenuated by the consent. Herrera v. State, 80 S.W.3d 283, 289 (Tex. App.—Texarkana
2002, pet. ref’d); see also Sims v. State, 84 S.W.3d 805, 810 (Tex. App.—Houston [1st Dist.]
2002, no pet.) (attenuation doctrine applies to art. 38.23). The Court of Criminal Appeals has
devised the following set of factors to be used in the attenuation analysis in a consent-to-search
case:
      1.   The proximity of the consent to the illegal police conduct and what occurred in that
time period.
 
      2.   Whether the illegal conduct brought about police observation of the particular object
which they sought consent to search.
 
      3.   Whether the illegal conduct was “flagrant police misconduct.”
 
      4.   Whether the consent was volunteered rather than requested by the detaining officers.
 
      5.   Whether the arrestee was made fully aware of the fact that he could decline to consent
and thus prevent an immediate search.
 
      6.   Whether the police purpose underlying the illegal conduct was to obtain the consent.
See Boyle v. State, 820 S.W.2d 122, 131-32 (Tex. Crim. App. 1989); Herrera, 80 S.W.3d at
289 (citing Boyle). Applying the factors to this case:
      1.   Consent was given very soon after the illegal stop, and there were no intervening
events to purge the taint. This factor weighs in Joubert’s favor.
 
      2.   Although the stop brought about Ritter’s observation of the inside of the vehicle, the
contraband was found in a partially open bag in plain view. We cannot say this factor
weighs in either side’s favor.
 
      3.   The stop, while misguided, was not flagrant police misconduct. This factor weighs in
the State’s favor.
 
      4.   Consent was not volunteered but rather came at Ritter’s request. This factor weighs
in Joubert’s favor.
 
      5.   Joubert was not given his Miranda rights or otherwise informed of his right to deny
consent. This factor weighs in Joubert’s favor.
 
      6.   The record does not show that the stop had the underlying purpose of searching the
vehicle. This factor weighs in the State’s favor.      
      Joubert was illegally stopped late at night, not informed of his Miranda rights, asked to
consent to a search, and afforded little time to reflect. However, he freely gave consent (a)
under circumstances not tainted by flagrant police misconduct or coercion and (b) to a simple
request for a search after the officer learned he had stopped a driver with no license and a
criminal history. While some Boyle factors favor each side, after weighing the factors under
these circumstances, I conclude that the taint was attenuated by the consent.
      Because the taint from an illegal stop was attenuated by Joubert’s consent, I join in
affirming the judgment. 
 
                                                                   BILL VANCE
                                                                   Justice

Concurring opinion delivered and filed January 21, 2004
Publish



'CG Times', serif">      Dodson raises two additional arguments. Dodson first argues that Osteen abused the non-suit
process by taking the non-suit to avoid the effect of the deemed admissions. However, "we are
unwilling to hold a plaintiff is in bad faith for taking a non-suit when the case has become
difficult." See Orion Inv. v. Dunaway and Associates, 760 S.W.2d 371, 374 (Tex. App.—Fort
Worth 1988, writ denied). Osteen was entitled to take a non-suit in the face of deemed
admissions.



       Dodson also argues that the deemed admissions are a discovery sanction under Rule 215 that
survives the taking of a non-suit. However, unlike Rule 169, Rule 215 does not operate
automatically. If admissions may be deemed under Rule 215(4)(a) for failure to comply with Rule
169, they may only be deemed upon a motion by the requesting party. See Tex. R. Civ. P.
215(4)(b). There is nothing in the record to indicate that Dodson or Ferris filed a motion
requesting sanctions under Rule 215 in the first suit. Thus, the issue of whether deemed
admissions survive a non-suit as a discovery sanction is not before us.
FERRIS' PLEA IN BAR 
      Ferris raised the plea in bar in its original answer. The court set the plea for a hearing. The
docket sheet reflects that the hearing was held on May 13, 1993. The docket entry for that day
states: "P app pro se; D's app for Mon - Suits Ds Motions Granted - (P wanted 30 more days)." 
The final judgment recited that three exhibits were admitted during this hearing and that the court
considered these exhibits in rendering the judgment in favor of the defendants.
      The court's action in granting the plea in bar and rendering a take-nothing judgment was
improper. "[D]efenses ‛in bar’ are not the proper subject matter of disposition on mere
preliminary hearing before the court like pleas in abatement, although a speedy and final judgment
may be obtained on the basis of matters in bar and without the formality of a trial on the merits,
if the parties so agree or if recourse is had to the process of summary judgment where contested
fact issues are not present." Kelley v. Bluff Creek Oil Company, 158 Tex. 180, 309 S.W.2d 208,
214 (1958). The docket entry clearly reflects that Osteen did not agree to the pretrial hearing on
Ferris' plea in bar. Thus, Ferris was required to proceed with its claim as a motion for a summary
judgment, although the judgment may be upheld if the proceedings can be fairly characterized as
one on a summary judgment. See Walker v. Sharpe, 807 S.W.2d 442, 447 (Tex. App.—Corpus
Christi 1991, no writ).
      Ferris did not file a motion for a summary judgment. The hearing cannot be characterized
as a summary judgment proceeding. See Tex. R. Civ. P. 166a. Ferris concedes that the court
conducted an evidentiary hearing on the plea, a procedure that is not allowed in the summary
judgment context. See State v. Easley, 404 S.W.2d 296, 297 (Tex. 1966). Thus, the court erred
when it granted Ferris a take-nothing judgment on a pretrial plea in bar. Point two is sustained.
      The take-nothing judgments are reversed and this cause is remanded for a trial on the merits. 

 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed February 16, 1994
Publish
(WITHDRAWN 4-13-94)