COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| ANTONIO VARGAS and VISTA HILLS HEALTH CARE CENTER, L.P., | § | No. 08-09-00139-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | 448th Judicial District Court |
| | § | |
| | | of El Paso County, Texas |
| MARIA LOURDES CHAVEZ, By and Through Her Agent Under Power Of Attorney, JESSICA CHAVEZ, | § | (TC# 2008-144) |
| | § | |
| Appellee. | | |

**O P I N I O N**

Appellants' Antonio Vargas and Vista Hills Health Care Center appeal the trial court's denial of their motion to dismiss for failure to file a medical expert report. Because we conclude the case was rendered moot by Appellee's motion for non-suit, we will reverse the trial court's order and dismiss the case.

Appellee, Jessica Chavez, filed the underlying lawsuit on January 11, 2008, alleging the negligence of Antonio Vargas, and his employer, Vista Hills Health Care Center, caused her mother to be seriously injured. Appellants generally denied Ms. Chavez's claims. On June 20, 2008, Appellants jointly filed a motion to dismiss the case pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code on the basis that Ms. Chavez failed to timely file a medical expert report.

On July 1, 2008, Ms. Chavez filed a "Motion to Dismiss" in which she represented to the court that she no longer wished to proceed against Appellants, and requesting the court dismiss

the cause of action without prejudice. Thereafter, on October 9, 2008, Ms. Chavez filed an amended original petition under the original cause number, asserting the same negligence cause against Appellants. Appellants responded by filing a motion to strike the amended pleading in light of Ms. Chavez's motion to dismiss, and her failure to file a medical expert report. The trial court entered an order denying Appellants' motions on April 14, 2009. Appellants' timely filed their notice of interlocutory appeal pursuant to Texas Civil Practice and Remedies Code Section 51.014(a)(9).

Appellants raise three issues for our review. Issues One and Two address the trial court's ruling on Appellants' Chapter 74 motion to dismiss. Alternatively, in Issue Three, Appellants characterize Ms. Chavez's motion to dismiss as a non-suit, and contend the non-suit rendered any case and controversy which existed between the parties moot. Because it is dispositive of the appeal, we will begin our review with Issue Three.

In Issue Three, Appellants argue Ms. Chavez's Motion to Dismiss constituted a motion for non-suit, rendering her subsequent filings and cause of action moot. Ms. Chavez argues the non-suit was ineffective because she abandoned the motion prior to sending notice to the opposing parties, and prior to the trial court entering an order on the motion.

In Texas, parties have an absolute right to non-suit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial. TEX.R.CIV.P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 468-69 (Tex. 2008). The purpose of a non-suit is to dismiss a party's claims, thereby extinguishing the movant's case against the non-movants. *See University of Texas Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006)(per curiam). A non-suit is effective from the moment the motion is filed, or

an oral motion is made in open court. *Id.* The granting of the motion is a ministerial act, and does not alter the effectiveness of the motion at, "the moment a written motion is filed or an oral motion is made in open court . . . ." *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) (per curiam). Only pleadings filed by the non-movant prior to the non-suit survive the effect of the motion. *See Trejo*, 251 S.W.3d at 468-69; *Progressive Ins. Co. v. Hartman*, 788 S.W.2d 424, 426 (Tex.App.--Dallas 1990, no pet.).

Ms. Chavez does not dispute the fact that she filed a non-suit dismissing her claims against Appellants. Instead, she argues in part that her non-suit was not effective because she "abandoned" it before she could notify the other parties in accordance with the rules of civil procedure. Texas Rules of Civil Procedure 162 requires a non-suiting movant to notify any party that has answered, or has been served with process, in accordance with the requirements of Rule 21a. TEX.R.CIV.P. 162. However, the Rule does not indicate that the movant's right to non-suit is dependant on the required notice. *See* TEX.R.CIV.P. 162; *Novosad v. Cunningham*, 38 S.W.3d 767, 772 (Tex.App.--Houston [14th Dist.] 2001, no pet.). By the same token, the Rule does not indicate that the time the non-suit becomes effective depends on whether, or when, the other parties receive notice pursuant to Rule 162. *See* TEX.R.CIV.P. 162; *Orion Inv., Inc. v. Dunaway and Assoc., Inc.*, 760 S.W.2d 371, 374 (Tex.App.--Fort Worth 1988, writ denied). We conclude therefore, that the effect of Ms. Chavez's non-suit was unaltered by her failure to comply with the notice requirements.

In her second argument, Ms. Chavez concludes that the non-suit was ineffective because she filed her amended petition before the trial court entered an order dismissing her claims against Appellants. She cites no case-law for the proposition that a non-suited case can be re-

invigorated by the movant's decision to "abandon" the non-suit and file a subsequent pleading against the non-suited parties. We have been unable to locate such precedent.

As we noted above, a non-suit is effective from the moment the motion is filed; and the granting of the motion is a ministerial act which does not alter the effectiveness of the motion. *See Brookshire*, 640 S.W.2d at 872. As such, Ms. Chavez's claims against Appellants ceased to exist at the time she filed her non-suit. Whether or not the trial court complied with its ministerial duty to enter an order dismissing the claims did not change the effect of the non-suit, which was to extinguish Ms. Chavez's claims against Appellants. *See Brookshire*, 640 S.W.2d at 872. We are therefore unpersuaded by Ms. Chavez's second argument, and we sustain Issue Three.

Having sustained Issue Three, it is not necessary to address the merits of Appellants' motion to dismiss as presented in Issues One and Two. Those issues are overruled as moot. Still, given the disposition of Issue Three, we must still determine how to properly dispose of the appeal. As a general matter, a court has no subject matter jurisdiction to consider a case in which no actual case or controversy exists between the parties. *See Lincoln Prop. Co. v. Kondos*, 110 S.W.3d 712, 715 (Tex.App.--Dallas 2003, no pet.). However, as the Texas Supreme Court has recently recognized, in cases where a previously live controversy is extinguished by a non-suit, the court retains "limited authority to dispose of the case." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865 (Tex. 2010). This limited jurisdiction includes the power to consider a defendant's motion for certain types of sanctions. *See Joachim*, 315 S.W.3d at 864, *citing Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996)(per curiam)(holding that the trial court's authority to consider a defendant's motion for sanctions under Texas Rules of

Civil Procedure 13 survived plaintiff's non-suit). In this case, there is no record of such a

sanctions motion in this case, and the parties do not argue that any such claims survived the non-

suit.[1] Accordingly, there was no controversy remaining between the parties, and the case should

have been dismissed. *See Kondos*, 110 S.W.3d at 715.

Having sustained Issue Three, we reverse the trial court's order denying Appellants'

motion to dismiss and render judgment dismissing the case without prejudice.


October 20, 2010
                                        DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

---

[1] Whether or not a Section 74.351 motion to dismiss with prejudice is a type of "sanction" that survives a non-suit was not addressed by the Court in *Travelers Ins. Co. v. Joachim*. Similarly, the issue has not been addressed in the briefing in this case. Therefore, pursuant to the limitations impressed upon this Court by the rules of Appellate Procedure, we express no opinion on a trial court's authority to consider a Section 74.351 motion to dismiss with prejudice following a non-suit. *See* TEX.R.APP.P. 38.1(f) and (i).