NO. 07-11-00082-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 31, 2011

VISTA POINTE, APPELLANT

v.

JANICE WILSON AND ALL OTHER OCCUPANTS,
APPELLEES

FROM THE COUNTY COURT AT LAW NO. 1 OF DALLAS COUNTY;

NO. CC-10-05443-A; HONORABLE DEMETRICA BENSON, JUDGE

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Vista Pointe appeals from the trial court's judgment in favor of appellee, Janice Wilson. Through one issue, Vista Pointe argues the trial court erred by, after receiving Vista Pointe's motion to dismiss, conducting a trial and entering a judgment in favor of Wilson. We agree and reverse the trial court's judgment and remand for proceedings consistent with our opinion.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Background

On July 9, 2010, Vista Pointe filed a complaint for eviction against Wilson with the justice of the peace, seeking possession of the subject premises and unpaid rents. On July 29, 2010, the justice of the peace entered judgment in favor of Vista Pointe. Wilson appealed the judgment to the county court by filing a pauper's affidavit for a trial *de novo.* *See* Tex. R. Civ. P. 751 (under rule 751, the parties were entitled to a trial *de novo* in the county court).

On August 24, 2010, Wilson filed a document entitled "answer" in the county court. She did not request any affirmative relief. The trial court set the matter for trial on September 9. On September 3, Vista Pointe filed a motion to dismiss the matter without prejudice. The record indicates the trial court received and filed the motion to dismiss on September 8. The trial court held a trial on the merits the following day. Vista Pointe did not appear and a final judgment in favor of Wilson was entered on September 9. On September 23, Vista Pointe filed a motion to vacate the final judgment. The trial court did not act on the motion and this appeal followed.

Analysis

Through its sole issue on appeal, Vista Pointe argues the final judgment entered by the trial court is erroneous because the court had no discretion to take any action other than enter an order of dismissal after Vista Pointe filed its motion to dismiss. We agree and reverse the judgment of the trial court.

2

Vista Pointe's motion to dismiss without prejudice was a pleading indicating it was filing a non-suit. Tex. R. Civ. P. 162 (providing for dismissal or a non-suit). In Texas, parties have an absolute right to non-suit their own pending claims so long as the opposing party has not made a claim for affirmative relief. Tex. R. Civ. P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 468-69 (Tex. 2008); *BHP Petroleum Co., v. Millard,* 800 S.W.2d 838, 840-41 (Tex. 1990). A non-suit is a termination of the pleaded causes of action and asserted defenses without an adjudication of the merits that returns the parties to their pre-lawsuit positions. *Rexrode v. Bazar,* 937 S.W.2d 614, 619 (Tex.App.—Amarillo 1997, no writ). The purpose of a non-suit is to dismiss a party's claims, thereby extinguishing the movant's case against the non-movants. *See University of Texas Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).

A non-suit is effective from the moment the motion is filed, or an oral motion is made in open court. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010); *Estate of Blackmon,*195 S.W.3d at 100. The granting of the motion is a ministerial act, and does not alter the effectiveness of the motion at that moment. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) (per curiam). Only pleadings filed by the non-movant prior to the non-suit survive the effect of the motion. *See Trejo*, 251 S.W.3d at 468-69; *Progressive Ins. Co. v. Hartman*, 788 S.W.2d 424, 426 (Tex.App.--Dallas 1990, no pet.). The time the non-suit becomes effective does not depend on whether, or when, the other parties receive notice pursuant to rule 162. Tex. R. Civ. P. 162;

3

*Orion Inv., Inc. v. Dunaway and Assoc., Inc.,* 760 S.W.2d 371, 374 (Tex.App.—Fort Worth 1988, writ denied).

Here, the only pleading filed by Wilson was the document entitled "answer" that provided, "I Janice Wilson defendant in the above case answering the court to notify of my appeal for eviction." Her pleading does not request any type of affirmative relief.

As noted, a non-suit is effective from the moment it is filed. Vista Pointe's motion to dismiss without prejudice is file-marked September 8, 2010 at 2:47 p.m.[2] Therefore, Vista Pointe's eviction complaint against Wilson ceased to exist on that day, a day before trial was set. *Vargas v. Chavez,* 327 S.W.3d 338, 341 (Tex.App.—El Paso 2010, no pet.) Whether the trial court complied with its ministerial duty to enter an order dismissing the claim did not change the effect of the non-suit. *Brookshire,* 640 S.W.2d at 872; *Vargas,* 327 S.W.3d at 341. Therefore, at the time the trial court held trial on the merits of this matter, Vista Pointe's claim against Wilson had ceased to exist. The trial court did not have discretion to hold a trial on September 9 or enter judgment in favor of Wilson. *Zimmerman v. Ottis,* 941 S.W.2d 259, 263 (Tex.App.—Corpus Christi 1996) (orig. proceeding).

---

[2] As Vista Pointe notes, Dallas Local Rule 2.07(e) provides no conference with Wilson was necessary prior to filing its motion. *See* Dallas Local Rule 2.07(e) providing "Sections (a) and (b) of this Rule do not pertain to dispositive motions, motions for summary judgment, default judgments, motions for voluntary dismissal or nonsuit, post-verdict motions and motions involving services of a citation." *Available at* http://www.dallascourts.com/rules/locrulnw.htm.

We sustain Vista Pointe's sole issue on appeal and reverse and remand the matter to the trial court for proceedings consistent with the opinion herein.


James T. Campbell
Justice