

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00482-CV

Shamar D. **BRADLEY**,
Appellant

v.

**THE CONNOR GROUP**, Julie Bray Patterson, and Roberto A. Vazquez,
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2025-CV-01071
Honorable Lisa Jarrett, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Irene Rios, Justice
              Velia J. Meza, Justice

Delivered and Filed: May 20, 2026

DISMISSED AS MOOT

This interlocutory appeal arises from a suit against Judge Julie Bray Patterson[1] and Judge

Roberto A. Vasquez.[2] Because the appellant has filed a notice of nonsuit abandoning all claims,

we dismiss the appeal as moot.

---

[1] Bexar County Justice of the Peace Precinct 3, Place 1.
[2] Bexar County Justice of the Peace Precinct 2, Place 1.

**DISCUSSION**

"We are obligated to consider our jurisdiction at all times," and we lack jurisdiction when no live controversy remains. *Morath v. Lewis*, 601 S.W.3d 785, 788 (Tex. 2020) (per curiam). Mootness is a component of subject-matter jurisdiction that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020). A case becomes moot when the parties no longer have a "personal stake in the outcome," that is, a "concrete interest, however small." *Tex. Dep't of Family & Protective Servs. v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 875 (Tex. 2025) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016)).

On February 7, 2025, Shamar D. Bradley sued Judge Patterson, alleging "official oppression and abuse of authority" arising from an eviction proceeding. After Judge Patterson recused, the case was transferred to Judge Vasquez, whom Bradley then joined as a defendant. Both judges filed a plea to the jurisdiction asserting governmental immunity, which the trial court granted. Bradley filed a notice of interlocutory appeal on July 11, 2025. He later filed a notice nonsuiting "all claims herein asserted by Shamar D. Bradley."

We ordered Bradley to show cause why the appeal should not be dismissed as moot. In response, he contends the nonsuit is ineffective because it was not served on appellees and that his motion for sanctions remains pending.

A nonsuit is effective when filed and extinguishes the case or controversy as to the nonsuited claims, rendering interlocutory orders on the merits moot. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100–01 (Tex. 2006) (per curiam). Service is not required for the nonsuit to take effect. *Orion Invs., Inc. v. Dunaway & Assocs., Inc.*, 760 S.W.2d 371, 374 (Tex. App.—Fort Worth 1988, writ denied).

This interlocutory appeal concerns only the trial court's ruling on appellees' immunity. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). Because Bradley has nonsuited all claims against appellees, no live controversy remains regarding that ruling. A pending sanctions request does not preserve a justiciable interest in the interlocutory order from which Bradley is appealing. Accordingly, we dismiss this appeal as moot. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 228 (Tex. 1993). All pending motions are denied.

PER CURIAM